```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          16 CR 19 (PGG)

MAALIK ALIM JONES,

            Defendant.

------------------------------x
                                        New York, N.Y.
                                        April 4, 2016
                                        11:45 a.m.


Before:

                    HON. PAUL G. GARDEPHE,

                                        District Judge




                         APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
ANDREW J. DEFILIPPIS
SEAN BUCKLEY
     Assistant United States Attorneys


SEAN MAHER
     Attorney for Defendant



ALSO PRESENT:  BRENDAN MOONEY, FBI
```

1               (In open court; case called)

2               THE COURT:  Good morning.

3               Mr. Maher was appointed to replace Irving Cohen.  He

4     has only been in the case for a few weeks.

5               Mr. Maher, do you know at this point what the future

6     of the case is going to be?  Are there going to be any pretrial

7     motions?  Have you had time to review discovery?  What is your

8     status?

9               MR. MAHER:  I just received fairly recently discovery

10    from the government.  We had to go through a protective order

11    process, which your Honor knows about.  Once that was

12    completed, now five CDs of discovery have been provided to me.

13    There has been a little technical issue with a few of them, but

14    I think that is being resolved now.  I'm just starting to

15    review this information.  My client has not begun to review it

16    yet.  I have spoken with the government.  At this point, it

17    would be appropriate for me to ask for 90 days to review this,

18    review it with my client, continue discussions with the

19    government.  I think at that point we will all be in a position

20    to set any motions or trial schedules, if that's appropriate at

21    that time.

22              THE COURT:  All right.  Mr. DeFilippis or Mr. Buckley,

23    can you give me a sense of what's on the CDs?

24              MR. DeFILIPPIS:  Yes, your Honor.  The CDs consist

25    largely of videos that were collected that have been produced

1    to defense counsel, some involving the defendant, some not
2    involving the defendant.  It also consists of toll records,
3    summaries of statements made by the defendant, FBI reports,
4    Miranda form.  The bulk of the data, though, are the videos
5    that were produced in the discovery.
6             THE COURT:  Have arrangements been made so that the
7    defendant can review these materials?
8             MR. DeFILIPPIS:  Your Honor, we are providing to
9    defense counsel multiple copies of the CDs so that he can get
10   it to the defendant.  Obviously, we're happy to assist him any
11   whatever way we can if there's a problem.
12            THE COURT:  Mr. Maher, if you encounter any
13   difficulties in having your client review the discovery, let me
14   know.  I don't want that to hold up the case.
15            MR. MAHER:  Thank you.  I will do that.  I find it's a
16   case-by-case basis sometimes with the Bureau of Prisons, and
17   Mr. Jones is on 10 South, so that tends to make it difficult
18   with video type of evidence.
19            I would just like to confirm that I have had
20   discussions with the government, and the government I believe
21   is of the position that this is the Rule 16 discovery that is
22   complete at this point except for maybe some additional videos.
23   I would just like to confirm that.
24            THE COURT:  Is there anything else?
25            MR. DeFILIPPIS:  That's right, your Honor.  This is

1   all the Rule 16 discovery we have at this time.  We may
2   identify additional videos, which we will produce to defense
3   counsel if we decide to use any at trial.  We have also
4   conducted a review to determine whether there's any classified
5   discovery to produce at this time.  We have determined that
6   there is not, with the caveat -- and we informed defense
7   counsel -- we intend to file a Classified Information
8   Procedures Act motion under Section 4, and we would propose,
9   with your Honor's permission, to do that by the July 6th
10  conference date.
11           THE COURT:  Okay.  So Mr. Mayer, 90 days would bring
12  us to July 6th.  I'm going to put that on for the conference at
13  10:00 a.m. on July 6th.  I will expect you to tell me at that
14  time whether there are going to be any motions in the case and,
15  also, what your sense is as to whether the case is going to
16  proceed to trial or whether there is going to be a disposition.
17           Does the government wish me to exclude time between
18  now and July 6th?
19           MR. DeFILIPPIS:  Yes, your Honor, so that the
20  defendant and his counsel can review discovery.
21           THE COURT:  Any objection, Mr. Maher?
22           MR. MAHER:  No.
23           THE COURT:  All right.  Then, I will exclude time
24  between today and July 6, 2016, under the Speedy Trial Act,
25  pursuant to Title 18, United States Code, Section 3161(h)(7)(A)

to permit Mr. Maher and his client to review the discovery materials provided by the government and determine whether there will be any pretrial motions in this case.  I do find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

         Is there anything else?

         MR. DeFILIPPIS:  Not from the government, your Honor.

         MR. MAHER:  No.

         (Adjourned)