G76JJONC                    Conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

                v.                          16 Cr. 00019 PGG

MAALIK ALIM JONES,

                Defendant.

------------------------------x

                                       July 6, 2016
                                       10:16 a.m.

Before:

                    HON. PAUL G. GARDEPHE,

                                      District Judge

                         APPEARANCES

PREET BHARARA,
     United States Attorney for the
     Southern District of New York
ANDREW JAMES DeFILIPPIS,
SEAN STEPHEN BUCKLEY,
     Assistant United States Attorneys

THE LAW OFFICES OF SEAN M. MAHER, PPLC,
     Attorneys for defendant Jones
BY:  SEAN MICHAEL MAHER, Esq.
                Of counsel

Also Present:
     MARY BOESE, Special Agent FBI

G76JJONC                          Conference

1                  (In open court)

2                  (Case called)

3                  THE COURT:  Mr. DeFilippis, what is the status of

4      discovery?

5                  MR. DeFILIPPIS:  At this time, the government has

6      completed its Rule 16 discovery and produced it to defense

7      counsel, your Honor.

8                  THE COURT:  All right.  Mr. Maher, what is your sense

9      of what the future of the case is going to be?

10                 MR. MAHER:  As far as Rule 16, the last two discs were

11     produced I believe on June 17th, about two weeks ago.  There is

12     an encryption issue we are still looking into, but I don't

13     think it will hold us up in any way.

14                 The way I see it, the government informed the court it

15     intends to file a CIPA filing with the court, and it is a CIPA

16     filing the government says will not be shared with defense

17     counsel at all.  I am cleared counsel.  I have gone through

18     that, all the levels I think I need for this type of case, but

19     I don't know what the government is filing.  I would like the

20     opportunity to file my own application to the court regarding

21     the government's ex-parte application.

22                 In addition, there is an additional discovery demand

23     that I intend to make on the government which may implicate

24     classified information with the government, and that will be

25     for the government to decide.  I think the most prudent thing

G76JJONC                    Conference

1    at this point would be to give me a little bit of time to do

2    that.  I have talked with the government.  I think the

3    government was going to file in the first week of August.  If

4    we could come back the week I believe of August 15th, I will

5    file my CIPA filing with the court before that and also make my

6    discovery demands on the government, and I think the government

7    anticipates they could at least give us a shorthand answer as

8    to where they think that leaves the government.

9            THE COURT:  Mr. Maher, has some of the discovery

10   you've received so far, has that been redacted in some fashion

11   or not?

12           MR. MAHER:  There are, off the top of my head, I think

13   there are some redactions.  I am thinking about other things

14   that aren't in the Rule 16, but I think may be out in the

15   universe.

16           THE COURT:  Let me talk with the government just a

17   second about how the CIPA process is going to work.

18           As I understand it, the government is going to be

19   making a filing on August 5th, and that filing is going to tell

20   me that certain materials were withheld, certain materials that

21   the defendant would otherwise be entitled to under the Federal

22   Rules of Criminal Procedure have been withheld because they

23   constitute classified information.

24           Is that the process?

25           MR. DeFilippis:  Your Honor, we do intend to make a

G76JJONC                          Conference

1     filing in which we seek the court's permission to withhold from

2     discovery material that not necessarily would be discoverable

3     under Rule 16, but that in an abundance of caution the

4     government could see an argument it would be.  That is the

5     purpose of the motion, is to request that the court allow it to

6     withhold from discovery those materials.

7               THE COURT:  Okay.  And so, Mr. Maher, this filing that

8     you would make, you don't really know what they've withheld,

9     but you have got suspicions about what they withheld.  Is that

10    what you're going to be addressing?

11              MR. MAHER:  At this point, I anticipate two things

12    that I will be addressing:

13              One, I want to address the CIPA statute, particularly

14    the provision that permits the government to make ex-parte

15    applications when there is cleared counsel.  I can understand

16    potentially when there is uncleared counsel, but when we have

17    cleared counsel and have criminal penalties such as myself if

18    we did anything to reveal that information, I think that the

19    constitutional protections for my client outweigh the

20    government's need for secrecy in those limited instances.  That

21    is one aspect I would like to file with the court.

22              Then there are particularized requests that go beyond

23    the Rule 16 that have been provided to me that I would like to

24    make to the government, and I can't anticipate how they would

25    respond, so I don't really want to do that.  I will defer that,

G76JJONC                    Conference

1    your Honor.

2            THE COURT:  Mr. DeFilippis, I am hearing from Mr.

3    Maher he has been through some kind of classified

4    information-clearance process.  How does that impact what we

5    are going to be doing here?

6            MR. DeFilippis:  Your Honor, we understand that he has

7    been through that process.  However, the statute, Section 4 of

8    CIPA, specifically contemplates and prescribes the filings are

9    made ex-parte.  The case law supports that.  We are not aware

10   of cases in which it has been otherwise.

11           We don't see anything at all atypical or unusual about

12   this case that we think would warrant revisiting that or

13   contemplating any other outcome.

14           I would note, with regard to the Rule 16 discovery

15   which is complete, we did scour all of our usual sources, both

16   classified and unclassified, and any redactions in the

17   discovery were not redactions of classified material.  They

18   were for other reasons, but in our view, there is no classified

19   discovery that should be produced to defense counsel in this

20   case.

21           THE COURT:  All right.  I will await the government's

22   submission and Mr. Maher's submission, and I am going to put it

23   down for a conference on August 16th, at 10:30, to discuss

24   these matters further.

25           MR. MAHER:  Thank you.

G76JJONC                    Conference

1          THE COURT:  Is there an problem with August 16th, at

2    10:30?

3          MR. DeFilippis:  Not from the government.  We ask your

4    Honor order defense counsel to make its discovery request

5    within two weeks of today so we have time to address it before

6    the conference.

7          THE COURT:  Mr. Maher, when can you get your discovery

8    request in, or the matters that you were mentioning you wanted

9    to ask the government about?

10         MR. MAHER:  The specific discovery request, if I could

11   have, I would ask three weeks, July 27th.

12         MR. DeFilippis:  That is fine with the government.

13         THE COURT:  July 27th for the discovery requests, and

14   when are you going to make your application, Mr. Maher, related

15   to CIPA?  Are you going to do that on the 27th as well?

16         MR. MAHER:  I would ask for more time.

17         THE COURT:  You want more time on that?

18         Well, yes, I guess the government is not filing their

19   application until the 5th, so does it make sense to have yours

20   due on the 5th as well?

21         MR. MAHER:  That should make sense.  I would still ask

22   if I could have the 12th for that, your Honor.

23         THE COURT:  Okay.  That doesn't give us a lot of time

24   before the conference, but so the schedule is July 27th for

25   discovery requests, August 5th for the government's CIPA

G76JJONC                        Conference

1    filing, August 12th for whatever application Mr. Maher is going

2    to make about CIPA, and August 16th for the conference at

3    10:30.  Does the government wish me to exclude time between now

4    and August 16th?

5            MR. DeFilippis:  Yes, your Honor, so defense counsel

6    can continue to review discovery and prepare its motions, we

7    believe it is in the interests of justice.

8            THE COURT:  Any objection, Mr. Maher?

9            MR. MAHER:  No, your Honor.  There is one matter I do

10   want to bring up.

11           THE COURT:  All right.

12           MR. MAHER:  That has to do with Mr. Jones' pretrial

13   conditions at the MCC.  He has been incarcerated since December

14   18th, 2015 here in Manhattan.  He has been in the Special

15   Housing Unit the entire time.  It is my understanding basically

16   since after the first month of his incarceration he has been in

17   the 10 South unit, which is the most severe restrictive

18   pretrial detention conditions probably in the country.

19           He is basically in solitary confinement and has been

20   treated as if he were under special administrative measures,

21   though such measures have never been implemented.  I have

22   brought this up to the government, and I think the government

23   stated to me they believe the SAM may be approved very quickly.

24   I don't want to put words in their mouth.

25           THE COURT:  Who wants to address this for the

G76JJONC                          Conference

1     government, Mr. DeFilippis?

2              MR. DeFilippis:  Yes, your Honor.

3              As the defense counsel stated, there is a request for

4     Special Administrative Measures pending which we expect will

5     come through subject to the approvals in Washington quite soon.

6     We think it is likely it will be in place before the next

7     conference.  The defendant's conditions of detention to date

8     have been based on the BOP's constant evaluation both of the

9     charges in this case, the nature of the defendant's alleged

10    conduct, and the security requirements at the MCC where he is

11    housed.

12             We have been in regular communication with the BOP,

13    and given the charges in this case, your Honor, which allege

14    that the defendant traveled to join an Al Qaeda aligned

15    terrorist group and received military training from them, the

16    BOP's determination to date, and U.S. Attorney's Office agrees,

17    the determination has been his current conditions are

18    appropriate, and we continue to believe they are.

19             THE COURT:  All right.  Let me say this to you, Mr.

20    Maher.  If you continue to believe that the conditions of

21    Mr. Jones' pretrial detention are improper, you are welcome to

22    make a written submission, and then I will hear from the

23    government on it.

24             Mr. DeFilippis, with respect to these SAM measures

25    that you were talking about, tell me what that whole process is

G76JJONC                     Conference

1    and what you expect to happen.  I think you said you expected

2    some developments in that?

3              MR. DeFilippis:  Yes, your Honor.

4              The request for the imposition of Special

5    Administrative Measures, which comes from the U.S. Attorney,

6    goes through various chains of approval in Washington.  That is

7    now in progress.  If and when they're approved, which we expect

8    they will be, it will essentially formalize and continue his

9    current conditions of confinement, again subject to the BOP and

10   DOJ consulting on any issues.

11             THE COURT:  Is that a Main Justice process you're

12   talking about, you have to send something down to Main Justice

13   and have them approval it?

14             MR. DeFilippis:  That's right, your Honor, that is a

15   decision that is made at headquarters.

16             THE COURT:  So that would make formal what up till now

17   has been an informal imposition of restraints on the defendant

18   pursuant I guess to a Bureau of Prisons policy?

19             MR. DeFilippis:  Yes, your Honor.  They are approved

20   by the Attorney General.  I don't know that the word "informal"

21   is right.  The BOP makes it its own determination of the

22   appropriate conditions.  We are able to formally request

23   Special Administrative Measures, but you're right, that it

24   would essentially continue those conditions.  We have informed

25   the BOP previously of our intention to seek the imposition of

1   SAMS and have described for them our rationale in doing so.

2          THE COURT:  Does Main Justice issue some kind of

3   written findings?

4          MR. DeFilippis:  Yes, there will be a memorandum with

5   actual procedures and administrative measures that would state

6   the basis for the imposition of them and the specific

7   requirements.

8          THE COURT:  When do you expect that to come through?

9          MR. DeFILIPPIS:  I wouldn't wouldn't to promise.  We

10  are optimistic it will be in place before our next conference.

11         THE COURT:  As I said Mr. Maher, it is up to you how

12  you wish to proceed on that.  If you want to make a submission,

13  I will be happy to consider it.  If you want to await what Main

14  Justice decides with respect to the SAM measures that Mr.

15  DeFilippis has told us about, you can take that approach,

16  either.  It is entirely up to you when you seek to raise the

17  issue.

18         I am aware of the charges against the defendant, and

19  they certainly suggest that special measures are necessary, but

20  I am not prejudging the issue and you're welcome to make any

21  application you wish.

22         MR. MAHER:  Thank you.  I am appreciating that.

23         THE COURT:  I will exclude time between today and

24  August 16th, our next conference, pursuant to Title 18 United

25  States Code Section 3161 (h)(7)(A), to permit defense counsel

G76JJONC                          Conference

1    to continue review of discovery, also to make application with

2    respect to the Classified Information Procedures Act, and also

3    to consider whether there will be any pretrial motions in the

4    case and what the future of the case will be.  I do find that

5    the ends of justice served by the granting of this continuance

6    outweigh the best interests of the public and the defendant in

7    a speedy trial.

8              Is there anything else we need to talk about today?

9              MR. DeFilippis:  Not from the government, your Honor.

10             MR. MAHER:  No, your Honor.

11             THE COURT:  Thank you.

12             (Court adjourned)

13

14

15

16

17

18

19

20

21

22

23

24

25