G8GTJONC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
raj_trehan@nysd.uscourts.gov------------------------------x

UNITED STATES OF AMERICA,

            v.                             16 CR 19 (PGG)

MAALIK ALIM JONES,

                Defendant.

------------------------------x
                                        New York, N.Y.
                                        August 16, 2016
                                        10:30 a.m.

Before:

                    HON. PAUL G. GARDEPHE,

                                        District Judge


                        APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
ANDREW DeFILIPPIS
     Assistant United States Attorney

SEAN MAHER
     Attorney for Defendant
```

1            (In open court, case called)
2            MR. DeFILIPPIS:  Andrew DeFilippis for the government.
3    With me at counsel table is Special Agent Boese of the FBI.
4            DEPUTY CLERK:  Defendant ready?
5            MR. MAHER:  Sean Maher for Mr. Jones, who is present
6    in court.  Good morning, your Honor.
7            THE COURT:  Good morning.
8            MR. MAHER:  Your Honor, as an initial matter, I would
9    like to request -- Mr. Jones is seated next to me and he is
10   still handcuffed, and this is the first time in court that he's
11   remained handcuffed.  I ask that he could be uncuffed.
12           THE COURT:  What's the marshal's position?
13           DEPUTY MARSHAL:  For security purposes for this
14   matter, since there's no jury, we prefer to keep him secured.
15           THE COURT:  You prefer to keep him handcuffed?
16           DEPUTY MARSHAL:  Right, for security reasons.
17           THE COURT:  He will remain handcuffed.
18           In this case Mr. Jones is charged with conspiring to
19   provide and providing material support and resources to a
20   foreign terrorist organization, namely al-Shabaab.  He's also
21   charged with conspiring to receive and actually receiving
22   military-type training from al-Shabaab, and he's charged with
23   possession of a firearm during and in relation to a crime of
24   violence.
25           We were last together on July 6.  At that time the

1  U.S. Attorney informed me of their plans to file a Classified
2  Information Procedures Act, Section 4 motion.  I will be
3  referring to that statute by its acronym, CIPA.
4          The government filed its motion ex parte and under
5  seal on August 5th, 2016.  That same day the government gave
6  notice to the defense of its CIPA filing as well as a copy of
7  the proposed order which would grant a protective order and
8  make findings that the information at issue, if disclosed,
9  could cause serious damage to national security, and, in any
10 event, is not relevant or helpful to the defense within the
11 meaning of United States V. Aref, A-R-E-F, 533 F.3d 72 (2d Cir.
12 2008).  The statute CIPA, Section 4, provides that "The court,
13 upon a sufficient showing, may authorize the United States to
14 delete specified items of classified information from documents
15 to be made available to the defendant through discovery under
16 the Federal Rules of Criminal Procedure, to substitute a
17 summary of the information for such classified documents, or to
18 substitute a statement admitting relevant facts that the
19 classified information would tend to prove."
20         Section 4 of the statute also states that, "The court
21 may permit the United States to make a request for such
22 authorization in the form of a written statement to be
23 inspected by the court alone."  Citing CIPA, Section 4.  See
24 also Aref, 533 F.3d, 81.  ("Both CIPA Section 4 and Rule
25 16(d)(1) authorize ex parte submissions when the government is

1    seeking to withhold classified information from the defendant.
2    An adversary hearing with defense knowledge would defeat the
3    very purpose of the discovery rules.")

4            In evaluating a motion under Section 4 of CIPA,
5    "First, the district court must determine whether the material
6    in dispute is discoverable, and if so, whether the state's
7    secrets privilege applies."  Citing United States v. Aref, 533
8    F.3d 72, 80 (2d Cir. 2008).

9            It applies if "One, there is a reasonable danger that
10   compulsion of the evidence will expose matters which in the
11   interest of national security should not be divulged, and two,
12   the privilege is lodged by the head of the department which has
13   control over the matter after personal consideration by that
14   officer."  Id., 80.  "If the information is discoverable but
15   the privilege applies, then the district court must determine
16   whether the information is helpful or material to the defense,
17   i.e., useful to counter the government's case or to bolster a
18   defense."  Id.

19           "In order to be helpful or material, the evidence need
20   not rise to the level that would trigger the government's
21   obligation under Brady v. Maryland, 373 U.S. 83 (1963) to
22   disclose exculpatory information."  Id.

23           On August 12, 2006, Mr. Maher filed a brief arguing
24   that the government's request to proceed ex parte with respect
25   to its Section 4 filing should be denied.  Mr. Maher relies on

1    cases arising outside the context of CIPA, and he argues in his
2    papers that ex parte proceedings are generally disfavored and
3    that I am not well equipped to act as a surrogate for defense
4    counsel.  Citing Docket Number 26 at pages 5 through 10.
5             In the alternative, Mr. Maher proposes that the
6    government should be compelled to disclose its legal arguments
7    in support of its Section 4 motion and that he should be
8    permitted to make an ex parte presentation to the Court
9    regarding how the classified information at issue may be
10   relevant and helpful to the defense.  I should note that
11   Mr. Maher's submission to me was itself filed ex parte.
12            With respect to the general issue of whether the U.S.
13   Attorney's Office should be permitted to proceed ex parte in
14   making its motion under Section 4 of CIPA, I find that that
15   approach is in fact proper because the statute explicitly
16   authorizes ex parte proceedings, and the Second Circuit has
17   noted that a contrary rule would essentially defeat the purpose
18   of the statute because an adversary proceeding would involve
19   the disclosure of the precise information that the government
20   argues the disclosure of which would damage national security.
21   So I find that the ex parte approach is specifically authorized
22   by both statute and by the Second Circuit.
23            There are a couple of subsidiary arguments made by
24   defense counsel I want to address.
25            Mr. Maher pointed out that he has a security

1    clearance, and given that he has a security clearance he should
2    be given access to the information that the government seeks to
3    protect.  And defense counsel's argument that the security
4    clearance justifies in sort of an automatic fashion access to
5    classified information is misguided.  Of course, one could have
6    a security clearance and not have a need to know the classified
7    information in question.  The mere possession of a security
8    clearance doesn't mean that the disclosure of classified
9    information is appropriate, it's only appropriate if the person
10   seeking access has the need to know the information.
11           Here, the law has set a standard essentially for when
12   there's a need to know on the part of the defense counsel, and
13   the need to know is whether the information in question is
14   helpful or material to the defense either to counter the
15   government's case or to bolster a defense.  And so the mere
16   fact that someone has a security clearance doesn't mean that
17   disclosure of classified information to that person is
18   appropriate.  The Court in this instance has to make a finding
19   as to whether the information in question meets the standard
20   that I have just stated.
21           With respect to the argument that the government
22   should be required to disclose its legal arguments in support
23   of its non-production, I don't find that that's appropriate
24   here because it's obvious from what the government has stated
25   publicly what the issues are.  The government contends that the

1   information in question meets the standard, the classified
2   information, that is, it is information the disclosure of which
3   presents a serious danger of causing damage to national
4   security, and they're arguing that it meets the standard set by
5   CIPA and should be withheld because it doesn't constitute
6   information that is helpful or material to the defense within
7   the meaning of the case law that I cited.  So I don't find that
8   it's necessary for any additional disclosure of the
9   government's legal position to be made on a non-ex parte basis.
10            With respect to the remaining issue about whether
11  defense counsel should be permitted to make an ex parte
12  presentation to the Court regarding how exactly it is that the
13  disclosure of classified information might be helpful or
14  material to the defense, I am willing to listen to presentation
15  from defense counsel on an ex parte basis.
16            I, of course, have read Mr. Maher's ex parte
17  submission, but to the extent that defense counsel believes a
18  back and forth with the Court might be helpful in terms of
19  fleshing out the arguments why disclosure of the classified
20  information at issue would be helpful or material to defense, I
21  am prepared to listen to that presentation on an ex parte
22  basis.
23            There are some additional materials that I need before
24  I can do that.  The government has provided me summaries of the
25  information in question, and I want the underlying reports

G8GTJONC

1  before making a determination as to whether a protective order
2  is appropriate.  So I will need those reports before I can go
3  further.
4           How long will it take you to gather that information?
5           MR. DeFILIPPIS:  Your Honor, I wouldn't want to
6  estimate until we consult with the relevant parts of the
7  government.  So maybe we could put in a letter to the Court
8  with an estimate in the next couple of days.  I'm not quite
9  sure how long, I know we have done it in other cases, but we'll
10 get back to Court on that.
11          THE COURT:  Okay.  Mr. Maher, what is your schedule
12 like over the next few weeks?  Do you have any issues I should
13 know about?
14          MR. MAHER:  I have some dates where I would be
15 unavailable, and I could let the Court know that I am going to
16 be out of town next week, the 22nd through the 25th.  The 29th
17 and 31st, my days are pretty booked those two days, and the 6th
18 through the 9th I will be teaching outside the city.
19          THE COURT:  I guess we're looking at the week of the
20 12th.
21          MR. MAHER:  I have various court proceedings that
22 week, but I'm sure I can work that out with whatever works for
23 the Court.
24          DEPUTY CLERK:  The 14th at 10:00 a.m. is available.
25          THE COURT:  How is the 14th at 10:00 a.m. for the ex

1  parte presentation?
2           MR. MAHER:  I have an appearance at 9:30 in the
3  Eastern District that may take an hour.
4           THE COURT:  How about later that day?
5           MR. MAHER:  I have a sentencing before Judge Daniels
6  at 1:00 p.m.
7           THE COURT:  How about 3 o'clock on the 14th?
8           MR. MAHER:  That should be fine.  If there's any issue
9  with regard to the sentencing, I will send it on to your Honor.
10          THE COURT:  That's good.  We'll conduct an ex-party
11 hearing at September 14 at 3 o'clock, at which time Mr. Maher
12 can make his arguments to me on an ex parte basis as to why the
13 classified information at issue will be helpful or might be
14 helpful or material to the defense.
15          Now that date is predicated on the notion that the
16 government will be able to gather the underlying reports to me
17 in such a fashion that I can review that material before
18 September 14th.  So the government will let me know if there's
19 any problem with that.
20          MR. DeFILIPPIS:  Yes, your Honor.
21          THE COURT:  Does the government wish to exclude time
22 between now and September 14?
23          MR. DeFILIPPIS:  We do, your Honor.  And I wanted to
24 raise with the Court whether it would make sense to address any
25 supression motions and set a schedule for that at this point.

1      THE COURT:  What do you say to that, Mr. Maher?
2      MR. MAHER:  At this point, your Honor, I think it
3  would be more prudent to finish this discovery area because
4  that could implicate what I file as far as a supression motion
5  and the substantive hearing.
6      THE COURT:  What I'm going to do is put it down for a
7  conference the following week, and we'll talk then about if
8  there's going to be any supression motions.  And if I haven't
9  already ruled on the classified information question, I will do
10 it at that time.
11     MR. MAHER:  Thank you.
12     DEPUTY CLERK:  The 21st at 10:00 a.m. is available.
13     THE COURT:  Is that convenient for everyone,
14 September 21 at 10:00 a.m.?
15     MR. DeFILIPPIS:  Yes, your Honor.
16     MR. MAHER:  That's fine.
17     THE COURT:  All right.  Any objection, Mr. Maher, to
18 my excluding time between now and September 21?
19     MR. MAHER:  No objection.
20     THE COURT:  I will exclude time between today and
21 September 21st, 2016, under the Speedy Trial Act pursuant to
22 Title 18, United States Code, Section 3161(h)(7)(A) to permit
23 additional consideration on this issue of disclosure of
24 classified information, as well as to listen to Mr. Maher's
25 arguments about the same, and also for defense counsel to

1  consider whether there will be any other pretrial motions in
2  this case.  I do find that the ends of justice served by the
3  granting of this continuance outweigh the best interests of the
4  public and the defendant in a speedy trial.
5          Anything else we should talk about today?
6          MR. DeFILIPPIS:  No, your Honor.  I just note, as we
7  noted in the response we filed, if it would be helpful to the
8  Court for the government to provide a similar presentation
9  about its evidence or theory of the case, we would be willing
10 to do that.
11         THE COURT:  Okay, I will keep that in mind, and if I
12 do think it's necessary we'll obviously get touch.
13         Anything else, Mr. Maher?
14         MR. MAHER:  No, thank you.
15         THE COURT:  Thank you.
16                             o0o