# THE LAW OFFICES OF SEAN M. MAHER, PLLC

June 19, 2017

**VIA ECF**

Honorable Paul G. Gardephe
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007-1312

    RE:    *United States v. Maalik Jones*, 16 Cr. 00019 (PGG)

Dear Judge Gardephe:

    I respectfully submit this letter to supplement the memorandum of law in support of motion to suppress statements that I filed on May 19, 2017 (Doc. No. 61).

    On May 20, 2017, a day after I filed the motion to suppress statements, the government emailed me a letter disclosing a new set of statements ("Somali statements") attributed to Mr. Jones. The government's disclosure letter is attached as Exhibit F. In accordance with the existing protective order in this case, I request that Exhibit F be filed under seal.

    Exhibit F comprises the totality of the information provided to the defense concerning the Somali statements. The government did not disclose the exact date the statements were made, the specific official or officials to whom the statements were made, any reports concerning the statements, or any recordings of the statements. The government did disclose that the statements were made via telephone through an interpreter to a member of the Somali National Army. According to the disclosure provided by the government, the Somali statements were made in December 2015, over a year and a half ago.

    Mr. Jones moves to exclude and, in the alternative, to suppress the Somali statements.

    The Court should exclude the Somali statements under Rule 16. These statements were made in December 2015 and were not disclosed to the defense until after Mr. Jones' deadline to file pretrial suppression motions had passed. There has been no good cause demonstrated justifying such an untimely disclosure. Accordingly, the Court should exclude the Somali statements under the authority of Rule 16.

    In the alternative, the Court should suppress the statements for all of the reasons raised in Mr. Jones' previously filed memorandum of law. These statements were taken in violation of the Fifth and Sixth Amendments. The totality of the circumstances indicates that Mr. Jones was in custody and that Mr. Jones's statements were not "the product of an essentially free and unconstrained choice by its maker." As recounted in Mr. Jones' affidavit and in his memorandum of law, the Somali military threatened to kill Mr. Jones if he did not talk. A gun

THE LAW OFFICES OF SEAN M. MAHER, PLLC

was literally held to Mr. Jones' head.  The Somali officials never provided Mr. Jones any *Miranda* warnings before beginning their coercive interrogations.

It is also unclear at this point how much coordination there was between the Somali officials and American officials, raising the probability that there is evidence demonstrating that a joint venture did exist between the two governments.  This Circuit has recognized three forms of joint venture, any of which can render un-*Mirandized* statements inadmissible in a U.S. court: first, "whenever United States law enforcement agents actively participate in questioning conducted by foreign authorities," *United States v. Yousef,* 327 F.3d 56, 145 (2d Cir. 2003); second, "where the conduct of foreign law enforcement officials rendered them agents, or virtual agents, of the United States law enforcement officials," *United States v. Maturo,* 982 F.2d 57, 61 (2d Cir. 1992); and third, "where the cooperation between the United States and foreign law enforcement agencies is designed to evade constitutional requirements applicable to American officials."  *Maturo,* 982 F.2d at 61; *see also Yousef,* 327 F.3d 56 at 145; *United States v. Paternina-Vergara,* 749 F.2d 993, 997-98 (2d Cir. 1984). Courts have recognized that a joint venture may exist if any of these separate conditions are fulfilled. *See United States v. Karake,* 443 F. Supp. 2d 8, 94 (D.D.C. 2006) ("In the absence of active participation by a United States official in the evidence-gathering event, a joint can only exist when foreign officials are rendered 'agents' of the United States government, *United States v. Maturo,* 982 F.2d *57,* 61 (2d Cir. 1992), or when the cooperation was designed to evade the constitutional requirements applicable to American investigators. *Yousef*, 327 F.3d at 146.").

There are also insufficient guarantees of trustworthiness in relation to the Somali statements.  As disclosed by the government, the statements were made over the phone via an interpreter.  No facts have been presented by the government concerning the qualifications and proficiency of the interpreter, or that Mr. Jones was indeed the person that the Somali official spoke to on the phone.

For all of the reasons previously raised in Mr. Jones' memorandum of law, the Somali statements should be suppressed.  Should the Court not order suppression summarily, Mr. Jones requests that the Court conduct an evidentiary hearing on this matter, and grant such other and further relief that the Court may deem just and proper.

Respectfully submitted,

_____/S/_____
Sean M. Maher
*Counsel for Maalik Jones*

cc:    Opposing counsel via ECF