

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 7, 2017

By ECF and Electronic Mail
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States* v. *Maalik Alim Jones*
              16 Cr. 019 (PGG)

Dear Judge Gardephe:

      The Government respectfully submits this letter to provide further clarification concerning the witnesses it intends to call at the December 4, 2017 hearing on the defendant's motion to suppress statements he made to law enforcement officials (the "Hearing"). As set forth below, and for the reasons previously provided in the Government's opposition brief (the "Government Opposition"), the Government respectfully requests that the Court limit the scope of the Hearing to the topics described herein.

      As set forth more fully in the Government Opposition, the defendant was captured by members of the Somali National Army ("SNA") in Baraawe, Somalia on December 7, 2015. (*See* Govt. Opp. at 4-5). He was held in SNA custody in Baraawe until December 9, 2015, during which time he made various statements to members of the SNA concerning, among other things, his involvement in fighting for al Shabaab and his attempt to join ISIS (the "Baraawe Statements"). On December 9, 2015, the defendant was transferred to Mogadishu, Somalia, where he was held by Somali authorities. *Id.* at 5. The following day, December 10, 2015, the defendant was interviewed by agents working with the Federal Bureau of Investigation (the "FBI"). *Id.* During the interview with the FBI, the defendant was advised of his *Miranda* rights, waived those rights, and made statements concerning, among other things, his involvement in fighting for and assisting al Shabaab (the "FBI Statements"). *Id.* at 7.

      The Government intends to introduce at trial evidence concerning the Baraawe Statements and the FBI Statements. The defendant has moved to suppress both sets of

Hon. Paul G. Gardephe                                                                                                           Page 2
August 7, 2017

statements. (*See* Def. Mot.; Def. Reply). On July 27, 2017, the Court scheduled the Hearing on the defendant's motion to suppress for December 4, 2017.

As the Government indicated at the July 27 conference, the Government intends to call between four and six witnesses at the Hearing to establish that the defendant's statements were voluntary. These witnesses will fall into two categories: (1) SNA officers who spoke with and/or observed the defendant while he was in custody in Baraawe (the "SNA Witnesses"), and (2) the FBI agents who interviewed the defendant in Mogadishu (the "FBI Witnesses").

The Government does not intend to call witnesses to testify concerning any contact that the defendant had with Somali officials between his time in SNA custody in Baraawe (December 7-9, 2015) and his interview with the FBI in Mogadishu (December 10, 2015). Even crediting the defendant's assertions concerning the circumstances of his arrest and subsequent detention (which the Government does not), any such testimony is irrelevant to the defendant's motion. (*See* Govt. Opp. at 4-5). The only testimony necessary to establish the voluntariness of the Baraawe Statements is from the SNA officers who held and spoke with the defendant in Baraawe. Any testimony concerning the defendant's contact with Somali authorities after he left Barawee is not relevant to the question whether he made the Barawee Statements voluntarily.

Moreover, and as set forth in the Government Opposition, the defendant's contact with foreign officials prior to the FBI interview similarly has no bearing on the voluntariness of the FBI Statements. (*See* Govt. Opp. at 16.) The Court need only consider the interviewing agents' conduct and the circumstances of the FBI interview in determining whether the defendant knowingly and voluntarily waived his *Miranda* rights before speaking with the FBI. (Govt. Opp. at 16-17 (*citing United States* v. *Yousef*, 925 F. Supp. 1063 (S.D.N.Y. 1996), *aff'd* 327 F. 3d 56 (2d Cir. 2003)). Testimony from the FBI agents is more than adequate for the Court to make that determination.

Finally, requiring Somali authorities to testify at the Hearing poses enormous burdens on those witnesses, who must obtain passports and United States visas, take time away from their jobs, and travel from Somalia to New York. Similarly, the Government must incur significant costs to bring the witnesses to the United States in the form of airfare, meals, and lodging. While the Government recognizes that this is necessary for certain Somali witnesses – *i.e.*, the SNA officers in Barawee – the Government respectfully submits that the Hearing should not include other Somali witnesses whose testimony is irrelevant and unnecessary to the Court's adjudication of the defendant's suppression motion.

Hon. Paul G. Gardephe                                                                                                         Page 3
August 7, 2017

      Accordingly, the Government respectfully requests that the Court issue a ruling, consistent with *Yousef* and other cases cited in the Government Opposition, limiting the scope of the Hearing to the topics described above.

                              Respectfully submitted,

                              JOON H. KIM
                              Acting United States Attorney
                              Southern District of New York

                              By:  _____/s/_____
                                Andrew DeFilippis/Shawn G. Crowley
                                Assistant United States Attorneys
                                (212) 637-2231/1034