```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA

 4               v.                          16 Cr. 19 (PGG)

 5   MAALIK ALIM JONES,
                                             Plea
 6                   Defendant.

 7   ------------------------------x

 8                                           New York, N.Y.
                                             September 8, 2017
 9                                           1:20 p.m.

10   Before:

11            HON. PAUL G. GARDEPHE

12                                           District Judge

13

14

15

16            APPEARANCES

17

18   JOON H. KIM
          Acting United States Attorney for the
          Southern District of New York
19   SHAWN G. CROWLEY
     ANDREW J. DEFILIPPIS
20        Assistant United States Attorneys

21

22   SEAN M. MAHER
          Attorney for Defendant

23

24   Also Present:

25            MARY BOESE — Special Agent FBI
```

1        (Case called)

2        MS. CROWLEY:  Good afternoon, your Honor.  Shawn

3   Crowley and Andrew DeFilippis for the government of the joining

4   us at counsel table is Special Agent Mary Boese from the FBI.

5        MR. MAHER:  Good afternoon, your Honor.  Sean Maher

6   for Mr. Jones, who is present here with me.

7        THE COURT:  I am told that Mr. Jones wishes to plead

8   guilty to a superseding information.  Is that correct, Mr.

9   Maher?

10        MR. MAHER:  Yes, that is correct.

11        THE COURT:  Mr. Jones, you understand that under the

12   plea agreement I will be required to sentence you to a minimum

13   of 30 years' imprisonment if I accept this plea.  Do you

14   realize that is one of the consequences here?

15        THE DEFENDANT:  Yes.

16        THE COURT:  Then I would ask you to please stand.

17        Mr. Ruocco, could you please swear in the defendant.

18        (Defendant sworn)

19        THE COURT:  Mr. Jones, you should understand that you

20   are now under oath, and if you answer any of my questions

21   falsely, your answers may later be used against you in another

22   prosecution for perjury or for making a false statement.  Do

23   you understand that?

24        THE DEFENDANT:  Yes.

25        THE COURT:  You are here with Mr. Maher as your

1    attorney this afternoon, that is correct?

2              THE DEFENDANT:  Say again?

3              THE COURT:  I said you are here with Mr. Maher as your

4    attorney this afternoon?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Have you received a copy of the super-

7    seding information which reflects the charges against you?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Have you had an opportunity to read the

10   superseding information?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Have you discussed it with Mr. Maher?

13             THE DEFENDANT:  Yes.

14             THE COURT:  You should understand that in Count One of

15   the superseding information you are charged with violating 18

16   United States Code section 2339(b)(a)(D), which prohibits

17   conspiring to provide material support or resources to a

18   foreign terrorist organization.

19             In this case the government contends that you provided

20   material support and resources to a foreign terrorist

21   organization known as Al-Shabaab and that you did so between

22   July 2011 and May 2015 by traveling to Somalia and attending an

23   Al-Shabaab training camp, engaging in combat on behalf of

24   Al-Shabaab against the Kenyan government, and carrying an AK-47

25   assault rifle, among other weapons, while engaged in activities

1    in support of Al-Shabaab.

2           You should understand that in Count Two of the

3    superseding information you are charged with violating 18

4    United States Code section 371 and 2339(d), which prohibits

5    conspiring to receive military type training from a foreign

6    terrorist organization, in this case Al-Shabaab.

7           Finally, in Count Three of the superseding information

8    you are charged with violating 18 United States Code sections

9    924(c)(1)(A) and (c)(1)(B)(ii) by knowingly using, carrying,

10   and possessing firearms, including an AK-47 assault rifle and a

11   rocket-propelled grenade launcher, during and in relationship

12   to the crimes of violence that are charged in Counts One and

13   Two.

14          Do you understand that those are the charges against

15   you in the superseding information?

16          THE DEFENDANT:  Yes.

17          THE COURT:  I have before me a waiver of indictment

18   form that appears to have been signed by you and by your

19   attorney and by my courtroom deputy.  Is this your signature on

20   the waiver of indictment form?

21          THE DEFENDANT:  Yes.

22          THE COURT:  I will mark it as Exhibit 1 to these

23   proceedings.

24          Before you signed the waiver of indictment form, did

25   you discuss it with your attorney?

 1                THE DEFENDANT:  Yes.

 2                THE COURT:  Did he explain it to you?

 3                THE DEFENDANT:  Yes.

 4                THE COURT:  You should understand that you have no

 5      obligation to waive indictment.  Do you understand that?

 6                THE DEFENDANT:  Yes.

 7                THE COURT:  Have any threats been made against you or

 8      any promises been made to you to induce you to waive

 9      indictment?

10                THE DEFENDANT:  No.

11                THE COURT:  You should understand that if you did not

12      waive indictment, the government would be required to present

13      your case to a grand jury, which would be asked to determine

14      whether there was probable cause to believe that a crime was

15      committed and that you committed it.  Do you understand?

16                THE DEFENDANT:  Yes.

17                THE COURT:  You should further understand that the

18      grand jury might or might not choose to indict you.  Do you

19      understand that?

20                THE DEFENDANT:  Yes.

21                THE COURT:  Do you realize that by signing the waiver

22      of indictment form you have given up your right to have your

23      case presented to a grand jury and that instead the case

24      against you will proceed on the basis of the information signed

25      by the U.S. Attorney?  Do you understand that?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Finally, you have knowingly and volun-

3     tarily waived your right to proceed by grand jury and the case

4     will proceed by way of information.

5          I also have an advice of rights form before me that

6     appears to have been signed by you and by your attorney.  Is

7     this your signature on the advice of rights form?

8          THE DEFENDANT:  Yes.

9          THE COURT:  I will mark it as Exhibit 2 to those

10    proceedings.

11         Finally, I have been handed a plea agreement that

12    appears to have been signed by you, by your attorney, and by

13    representatives of the U.S. Attorney's office.  Is this your

14    signature on the plea agreement?

15         THE DEFENDANT:  Yes.

16         THE COURT:  I will mark it as Exhibit 3 to those

17    proceedings.

18         Before deciding whether to accept your guilty plea, I

19    am required to ask you certain questions.  It is important that

20    you answer these questions honestly and completely.  The

21    purpose of these proceedings is to make sure that you under-

22    stand your rights and for me to make certain that you are

23    pleading guilty of your own free will and to make sure that you

24    are pleading guilty because you are in fact guilty and not for

25    some other reason.  Do you understand that?

1          THE DEFENDANT:  Yes.

2          THE COURT:  If you understand any of my questions or

3   you want to consult with your attorney at any time, please say

4   so, because it is important that you understand every question

5   before you answer.

6          Could you please state your full name for the record.

7          THE DEFENDANT:  Maalik Alim Jones.

8          THE COURT:  How old are you?

9          THE DEFENDANT:  32.

10          THE COURT:  How far did you go in school?

11          THE DEFENDANT:  Twelfth grade.

12          THE COURT:  Have you ever been addicted to any drugs

13   or alcohol or been treated for any addiction?

14          THE DEFENDANT:  No.

15          THE COURT:  Are you now or have you recently been

16   under the care of any kind of doctor?

17          THE DEFENDANT:  No.

18          THE COURT:  In the past 24 hours have you taken any

19   drugs, medicine or pills, or drunk any alcoholic?

20          THE DEFENDANT:  No.

21          THE COURT:  Is your mind clear today and do you

22   understand what is happening?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Mr. Maher, any doubt as to your client's

25   competence to plead guilty this afternoon?

1           MR. MAHER:  No.

2           THE COURT:  On the basis of Mr. Jones's responses to

3    my questions and my observations of his demeanor, I find that

4    he is competent to enter an informed plea.

5           Mr. Jones, have you had enough time to discuss your

6    case with Mr. Maher?

7           THE DEFENDANT:  Yes.

8           THE COURT:  Have you discussed with him the charges

9    against you as well as your intention to plead guilty?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Have you discussed with him any possible

12   defenses you might have to these charges as well as all the

13   facts about your involvement in this matter?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Has your attorney told you about the

16   consequences of pleading guilty?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Are you satisfied with Mr. Maher's

19   representation of you?

20          THE DEFENDANT:  Yes.

21          THE COURT:  I now will explain certain constitutional

22   rights that you have.  These are rights you will be giving up

23   if you enter a guilty plea.  Listen carefully to what I'm about

24   to say.  If you don't understand something, stop me, and either

25   myself or Mr. Maher will explain the matter to you more fully.

1          Under the Constitution and laws of the United States,

2     you have a right to a speedy and public trial by a jury on the

3     charges against you contained in the information.  Do you

4     understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  If there were a trial, you would be pre-

7     sumed innocent and the government would be required to prove

8     your guilt by competent evidence and beyond a reasonable doubt.

9     You would not have to prove that you were innocent at a trial.

10    Do you understand that?

11         THE DEFENDANT:  Yes.

12         THE COURT:  If there were a trial, a jury composed of

13    12 people selected from this district would have to agree

14    unanimously before you could be found guilty.  Do you

15    understand that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  If you decide to go to trial, at that

18    trial and at every stage of your case you would have the right

19    to be represented by an attorney.  If you could not afford one,

20    an attorney would be appointed to represent you at government

21    expense and at no cost to you.  If you retained a lawyer and

22    you ran out of money, an attorney would be appointed to

23    continue to represent you and to handle your case all the way

24    through trial and not just for purposes of a guilty plea.  So

25    your decision to plead guilty should not depend on whether you

1    can afford a lawyer.  Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  If there were a trial, you would have the

4    right to see and hear all the witnesses against you and your

5    attorney could cross-examine them; you would have the right to

6    have your attorney object to the government's evidence and to

7    offer evidence on your behalf if you so desired; you would have

8    the right to subpoena witnesses to compel them to testify in

9    your defense.  Do you understand that?

10             THE DEFENDANT:  Yes.

11             THE COURT:  If there were a trial, you would have the

12   right to testify if you wanted to, but no one could force you

13   to testify if you did not want to.  Furthermore, no inference

14   or suggestion of guilt could be drawn if you chose not to

15   testify at a trial.  Do you understand that?

16             THE DEFENDANT:  Yes.

17             THE COURT:  If you were convicted at a trial, you

18   would have the right to appeal that will verdict to a higher

19   court.  Do you understand that?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Even now, as you are entering this plea,

22   you have the right to change your mind, plead not guilty, and

23   go to trial on the charges contained in the superseding infor-

24   mation.  Do you understand that?

25             THE DEFENDANT:  Yes.

1          THE COURT:  If you plead guilty and I accept your

2     plea, you will have given up your right to a trial and the

3     other rights I just discussed other than the right to a lawyer,

4     which you have regardless of whether or not you plead guilty.

5          If you plead guilty, I will enter a judgment of guilty

6     and sentence you on the basis of your plea after I have

7     considered a pre-sentence report and whatever submissions I

8     receive from your lawyer and the prosecutor.  Do you understand

9     that?

10          THE DEFENDANT:  Yes.

11          THE COURT:  If you plead guilty, you will also have to

12     give up your right not to incriminate yourself, because I will

13     ask you questions about what you did in order to satisfy myself

14     that you are guilty as charged and you will have to admit an

15     acknowledge your guilt.  Do you understand that?

16          THE DEFENDANT:  Yes.

17          THE COURT:  As I said a moment ago, Count One of the

18     superseding information charges you with conspiring to provide

19     material support and resources to a foreign terrorist

20     organization.  I now must tell you the elements of that

21     offense.  This is what the government would have to prove

22     beyond a reasonable doubt if the case were to proceed to trial.

23          First, the government would have to prove that the

24     existence of the conspiracy charged in the information, in

25     other words, that there was in fact conspiracy to provide

1   material support or resources to a foreign terrorist

2   organization.  More specifically, that at some point between

3   July 2011 and May 2015 there was an agreement or understanding

4   between two or more people to provide material support and

5   resources to a foreign terrorist organization, this case

6   Al-Shabaab.

7        The term "material support or resources" includes

8   providing personnel to a foreign terrorist organization, which

9   can include a person joining the terrorist organization

10  himself.

11       Second, the government would have to prove that you

12  intentionally joined and participated in the conspiracy charged

13  in the information during the time period set forth in the

14  information and that you did so in order to further the

15  unlawful purposes of the organization.

16       Third, the government would have to prove that you did

17  so knowing or believing that Al-Shabaab was a designated

18  terrorist organization or that Al-Shabaab has engaged or

19  engages in terrorism or that Al-Shabaab has engaged or engages

20  in terrorist activity.

21       The term "designated terrorist organization" means an

22  organization that the United States secretary of state has

23  designated as a foreign terrorist organization.

24       "Terrorism" means premeditated politically motivated

25  violence perpetrated against noncombatant targets by sub-

 1   national groups or clandestine agents.

 2           Count Two of the superseding information charges you

 3   with conspiring to receive military-type training from a

 4   foreign terrorist organization.  This is what the government

 5   would have to prove beyond a reasonable doubt if that charge

 6   were to proceed to trial.

 7           First, the government would have to prove the

 8   existence of the charged conspiracy to receive military type

 9   training from a foreign terrorist organization, in other words,

10   that at some point between July 2011 and May 2015 there was in

11   fact an agreement or understanding between two or more people

12   to receive military type training from or on behalf of a

13   foreign terrorist organization, in this case from Al-Shabaab.

14           The term "military-type training" includes training in

15   the means and methods of causing death or serious bodily

16   injury, destroying or damaging property, or disrupting services

17   to critical infrastructure, or training on the use, storage, or

18   production or assembly of any explosive, firearm, or other

19   weapon, including weapons of mass instruction.

20           Second, the government would have to prove that you

21   intended to join and participated in the charged conspiracy

22   during the time period set forth in the information and that

23   you did so in order to further the unlawful purpose of the

24   organization.

25           Third, the government would have to prove that you

1    joined the organization knowing or believing that Al-Shabaab

2    was a designated terrorist organization or that Al-Shabaab had

3    engaged in or engages in terrorism or that Al-Shabaab has

4    engaged or engages in the report activity.

5           Fourth, the government would have to prove that a

6    member of the conspiracy committed an overt act in furtherance

7    of the unlawful agreement.

8           Fifth, the government would have to prove that your

9    commission of the offense was in or affected interstate or

10   foreign commerce.

11          As I stated a moment ago, Count Three of the

12   superseding information charges you with violating 18 United

13   States Code sections 924(c)(1)(A) and 924(c)(1)(B) by knowingly

14   using, carrying, and possessing firearms during and in relation

15   to and in furtherance of a crime of violence.

16          Here the government claims that you used, carried, and

17   possessed a machine gun in the form of an AK-47 firearm as well

18   as a rocket-propelled grenade launcher among other firearms

19   during and in relation to and in furtherance of the

20   conspiracies charged in Counts One and Two of the information.

21          This is what the government would have to prove beyond

22   a reasonable doubt with respect to Count Three if the case were

23   to proceed to trial.  First, the government would have to prove

24   that at some point between July 2011 and about May 2015 you

25   committed a crime of violence that can be prosecuted in a court

1    of the United States: more specifically, that you committed the

2    conspiracies that are charged in Counts One and Two of the

3    superseding information.

4           Second, the government would have to prove that you

5    knowingly used or carried a firearm during and in relation to

6    the commission of or knowingly possessed a firearm in

7    furtherance of the conspiracies charged in Counts One and Two.

8           To knowingly use a weapon means to use the firearm

9    purposefully and voluntarily and not by accident.

10          Count Three also alleges that the firearm in question

11   was a machine gun or destructive device.  Accordingly, the

12   government would have to prove that the firearm you used,

13   possessed, or carried in the course of the conspiracies charged

14   in Counts One and Two were a machine gun or a destructive

15   device.

16          The term "machine gun" means any weapon which shoots,

17   is designed to shoot, or can be readily converted to shoot

18   automatically more than one shot without manual reloading by a

19   single function of the trigger.

20          The term "destructive device" means any explosive,

21   incendiary or poison gas bomb, grenade, or rocket having a

22   propellant charge of more than 4 ounces, a missile having an

23   explosive or incendiary charge of more than one-quarter ounce,

24   a mine or device similar to any of the devices that I just

25   described.

1          Do you understand that these are the elements of the

2     offenses you have been charged with in the superseding

3     information?

4          THE DEFENDANT:  Yes.

5          THE COURT:  I must now tell you the maximum and any

6     minimum possible penalty for these crimes.  The maximum means

7     the most punishment that could possibly be imposed.  It does

8     not necessarily mean that is what you will receive, but you

9     have to understand that by pleading guilty you are exposing

10    yourself to the possibility of receiving any combination of

11    punishments up to the maximum I am about to describe.  Do you

12    understand that?

13         THE DEFENDANT:  Yes.

14         THE COURT:  With respect to Count One, that offense

15    carries a maximum sentence of 15 years' imprisonment.  Any term

16    of imprisonment will be followed by a maximum of lifetime

17    supervised release.

18         Supervised release means that if you are sentenced to

19    prison, after you are released from prison you will be subject

20    to supervision by the U.S. probation office.  There will be

21    rules of supervised release that you will have to follow, and

22    if you violate those rules, you can be returned to prison

23    without a jury trial to serve additional time even beyond your

24    original sentence.

25         In addition, this offense carries a maximum fine of

the greatest of $250,000, twice the gross pecuniary gain

derived from the offense or twice the gross pecuniary loss

resulting from the offense.

With respect to Count Two, that offense carries a

maximum sentence of 5 years' imprisonment.  Any term of

imprisonment will be followed by as much as 3 years of super-

vised release.  In addition, this offense carries a maximum

fine of the greatest of $250,000 or twice the gross pecuniary

gain derived from the offense or twice the gross pecuniary loss

resulting from the offense, whichever is greatest.

With respect to Count Three, that offense carries a

maximum sentence of life imprisonment and a mandatory con-

sentence of 30 years' imprisonment.  Any term of imprisonment

will be followed by as much as 5 years of supervised release.

In addition, this offense carries a maximum fine of the

greatest of $250,000 or twice the gross pecuniary gain derived

from the offense or twice the gross pecuniary loss resulting

from the offense.

Accordingly, the total maximum sentence of

imprisonment here as to all three counts is life imprisonment,

and there is a mandatory minimum sentence of 30 years'

imprisonment.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Parole has been abolished in the federal

system.  If you are sentenced to prison, you will not be

1    released early on parole.  There is a limited opportunity to

2    earn credit for good behavior, but you will have to serve at

3    least 85 percent of the time you are sentenced to.  Do you

4    understand that?

5              THE DEFENDANT:  Yes.

6              THE COURT:  There is also a mandatory minimum fine or

7    special assessment of $300 here, $100 on each count, that I am

8    required to impose.  Do you understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  As part of your sentence, I can order you

11   to make restitution to any person injured as a result of your

12   criminal conduct and I can also order you to forfeit certain

13   property to the government.  Do you understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Being convicted of a felony may have other

16   consequences, such as the loss of licenses or the right to

17   possess a firearm.  If you are a citizen of the United States,

18   you could lose your right to vote.  If you are not a citizen of

19   the United States, you will likely lose your right to remain in

20   the United States and you may be deported.

21             This is not a full list of the consequences of a

22   felony conviction, but these are examples.  Do you understand

23   that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  There are sentencing guidelines that I am

1    required to consult in order to determine an appropriate

2    sentence in your case.   Have you spoken with Mr. Maher about

3    the sentencing guidelines?

4              THE DEFENDANT:   Yes.

5              THE COURT:   You should understand I will not be able

6    to determine what the guidelines recommend until after a pre-

7    sentence report has been prepared and you and the prosecutor

8    have had a chance to challenge the facts reported by the

9    probation office.   Do you understand that?

10             THE DEFENDANT:   Yes.

11             THE COURT:   You should also understand that after I

12   determine what the appropriate guidelines range is and deter-

13   mine whether a departure, upward or downward, from that range

14   is called for, I will then determine what an appropriate

15   sentence is in your case, having in mind not only the

16   sentencing guidelines but all of the factors set forth in the

17   federal sentencing statute, including the need for the sentence

18   imposed to reflect the seriousness of the offense, the need to

19   promote respect for the law, to provide just punishment, and to

20   afford adequate deterrence to criminal conduct.   Do you

21   understand that?

22             THE DEFENDANT:   Yes.

23             THE COURT:   You should understand that if your

24   attorney or anyone else has attempted to estimate or predict

25   what your sentence will be, their estimate or prediction could

1    be wrong.  Do you understand that?

2             THE DEFENDANT:  Yes.

3             THE COURT:  No one, not even your attorney or the

4    prosecutor, can nor should give you any assurance of what your

5    sentence will be.  Your sentence cannot be determined until the

6    pre-sentence report is prepared and I have ruled on any

7    challenges to the report and determined whether I believe there

8    are grounds to depart, whether upwards or downwards, from the

9    guidelines range and otherwise determined what are an

10    appropriate sentence is in your case.  Do you understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  You should fully understand that even if

13    your sentence is different from what your attorney or anyone

14    else told you it might be, or if it is different from what you

15    expect, you will still be bound by your guilty plea and you

16    will not be allowed to withdraw your plea of guilty.  Do you

17    understand that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  I have been given a plea agreement which I

20    have marked as Exhibit 3.  You told me a moment ago that you

21    signed it.  Did you read the plea agreement before you signed

22    it?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Did you discuss it with Mr. Maher before

25    you signed it?

 1          THE DEFENDANT:  Yes.

 2          THE COURT:  Did you fully understand all the terms of

 3   the agreement before you signed it?

 4          THE DEFENDANT:  Yes.

 5          THE COURT:  Does this agreement constitute your

 6   complete and total understanding of the entire agreement

 7   between you and the United States government as to this matter?

 8          THE DEFENDANT:  Yes.

 9          THE COURT:  Has anyone offered you any inducements or

10   threatened you or forced you to plead guilty or to enter into

11   this plea agreement?

12          THE DEFENDANT:  No.

13          THE COURT:  You should understand that one of the

14   terms of the plea agreement is that you are giving up your

15   right to appeal your sentence or to challenge your sentence in

16   any way at any time as long as I sentence you to 540 months'

17   imprisonment or less.  Do you understand that?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Actually, as I look at the plea

20   agreement -- let me read this section to you.  "The defendant

21   will not file a direct appeal nor bring a collateral challenge,

22   including but not limited to an application under Title 28

23   United States Code section 2255 and/or section 2241, nor seek a

24   sentence modification pursuant to Title 18, United States Code,

25   section 3582(c) of any sentence within or below the stipulated

1  guidelines range of 50 years, that is, 600 months'

2  imprisonment."

3          Mr. Jones, you are giving up your right to appeal or

4  to challenge your sentence in any fashion as long as I sentence

5  you to 50 years or less.  Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Mr. Maher, do you know of any valid

8  defense that will prevail at trial or any other reason why Mr.

9  Jones should not be permitted to plead guilty?

10          MR. MAHER:  No.

11          THE COURT:  Do you believe there is an adequate

12  factual basis to support a guilty plea?

13          MR. MAHER:  Yes.

14          THE COURT:  Does the government represent there is an

15  adequate factual basis to support a guilty plea?

16          MS. CROWLEY:  Yes, your Honor.

17          THE COURT:  Mr. Jones, we have reached the point in

18  the proceedings where I need you to tell me what you did that

19  makes you believe that you are guilty of the crimes charged in

20  the superseding information.

21          THE DEFENDANT:  On or about July 2011 through May 2015

22  I agreed with others to provide material support to Al-Shabaab,

23  which I knew was engaged in acts of terrorism as defined under

24  federal law.  I also agreed with others to receive military-

25  type training from Al-Shabaab, such as how to operate an

 1   assault rifle.

 2          As part of the material support, I provided to

 3   Al-Shabaab, I carried an AK-47 assault rifle while engaged in

 4   activities on behalf of Al-Shabaab in Somalia.  The AK-47 was

 5   capable of automatically firing more than one shot without

 6   manual reloading by holding down the trigger.  I knew that my

 7   actions were in violation of the laws of the United States.

 8          THE COURT:  Does the government wish me to ask any

 9   further questions of Mr. Jones?

10          MS. CROWLEY:  No, your Honor.  We would also proffer

11   that following this conduct to which Mr. Jones has just

12   allocuted, he was brought to and arrested in the Southern

13   District of New York.

14          THE COURT:  All right.

15          Mr. Jones, I take it that you traveled to Somalia to

16   attend this Al-Shabaab training camp that you have spoken of.

17   Is that correct?

18          THE DEFENDANT:  Yes.

19          THE COURT:  You traveled from someplace here in the

20   United States overseas?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Mr. Jones, are you pleading guilty because

23   you are in fact guilty?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Are you pleading guilty voluntarily and of

 1    your own free will?

 2              THE DEFENDANT:  Yes.

 3              THE COURT:  I will ask you now as to each count how

 4    you plead, beginning with Count One, guilty or not guilty.

 5              THE DEFENDANT:  Guilty.

 6              THE COURT:  Count Two, guilty or not guilty?

 7              THE DEFENDANT:  Guilty.

 8              THE COURT:  Count Three, guilty or not guilty?

 9              THE DEFENDANT:  Guilty.

10              THE COURT:  Does the government wish me to allocute

11    Mr. Jones as to the forfeiture allegation?

12              MS. CROWLEY:  Yes, your Honor.

13              THE COURT:  Mr. Jones, the superseding information

14    includes what is called a forfeiture allegation in which the

15    government has put you on notice that it seeks any and all

16    assets, foreign or domestic, affording you a source of

17    influence over any entity or organization engaged in planning

18    or perpetrating the offense charged in Count One, acquired or

19    maintained with the intent and for the purpose of supporting,

20    planning, conducting, or concealing the offense charged in

21    Count One, and intended to be used to commit the offense

22    charged in Count One.  Do you admit the forfeiture allegation

23    set forth in the superseding information?

24              THE DEFENDANT:  Yes.

25              THE COURT:  Because you acknowledge that you are

1    guilty as charged in Counts One, Two, and Three of the

2    superseding information, because I find that you know your

3    rights and you are waiving them knowingly and voluntarily,

4    because I find your plea is entered knowingly and voluntarily

5    and is supported by an independent basis in fact containing

6    each of the essential elements of the offense, I accept your

7    guilty plea and adjudge you guilty of the offenses to which you

8    have pled guilty.

9           I will order a pre-sentence report.  I ask you to

10   cooperate with the people who prepare the report because it

11   will be important to me in making my decision as to what your

12   sentence will be.  You and Mr. Maher will have a right and you

13   will have an opportunity to examine the pre-sentence report

14   before sentencing.  I urge you to review it carefully with him

15   and discuss it with him before sentencing.  If there are any

16   mistakes in the report, point them out to Mr. Maher so that he

17   can point them out to me before sentencing so that I don't

18   proceed on the basis of mistaken information.

19          I am going to set sentencing for January 18th, 2018,

20   at 3 o'clock.

21          MR. MAHER:  Actually, if I might, your Honor, I'm

22   going to be out of town that week.  Does the 25th work?

23          THE CLERK:  The 25th at 10 a.m. is available, your

24   Honor.

25          THE COURT:  Is that all right, January 25th, 10 a.m.?

1          MR. MAHER:  Yes.  Thank you.

2          THE COURT:  That would make submissions by the

3   defendant due on January 1, 2018, and submissions by the

4   government due on January 18th.

5          Is there anything else?

6          MS. CROWLEY:  Not from the government.  Thank you,

7   your Honor.

8          MR. MAHER:  No.  Thank you.

9          (Adjourned)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25