```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                          16 CR 0019 (PGG)

MAALIK ALIM JONES,

                Defendant.

------------------------------x
                                       New York, N.Y.
                                       December 19, 2016
                                       2:46 p.m.

Before:

                HON. PAUL G. GARDEPHE

                                       District Judge

                      APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
ANDREW DEFILIPPIS
     Assistant United States Attorney

SEAN M. MAHER
     Attorney for Defendant
```

1         (In open court; case called)

2         MR. DEFILIPPIS:  Good afternoon, your Honor.  Andrew DeFilippis for the government.  With me at counsel table is special agent Mary Boese of the FBI.

3         MR. MAHER:  Good afternoon, your Honor.  Sean Maher for Mr. Jones who is present here with me.

4         THE COURT:  All right.  We've had some back and forth over the last few weeks over the Classified Information Procedures Act and that issue or the handling of that Act's requirements has now been settled and from my perspective the purpose of the conference is to find out from defense counsel whether there are going to be any pretrial motions in the case and if so to set a schedule for that.

5         But Mr. Maher anything else you want to talk about at this point?

6         MR. MAHER:  I would like to address that.  I would like to address something I think goes in conjunction with that or possibly a little bit before that and say in light of the information that has now been confirmed for the defense the substitutions that have been made available to the defense now pursuant to CIPA practice I think that does shed light on potential motion practice, particularly any motions that we would have to suppress statements based upon the voluntariness of those statements, particularly if I think there could be a basis that Somali officials who first interacted with Mr. Jones

1   may have made promises or other types of statements that would
2   lead Mr. Jones to believe that speaking to U.S. Government
3   officials would not have the detrimental effects that one
4   usually attaches with such statements.
5       I need, now that that has been verified, I just spoke
6   with the government and would like an opportunity to
7   communicate with the government further.  I would like names of
8   specific Somali officials that the U.S. Government is aware of
9   who they know or have good faith basis to believe had
10  interactions with Mr. Jones.
11      I don't believe I've been provided any specific names
12  in the discovery at this point and I think that it is highly
13  relevant now.  So in order for me to perfect that motion
14  practice and also to find out if those witnesses would be
15  available to testify at an evidentiary hearing if that was
16  granted by the court, I would need to be able to more fully
17  investigate that now with the information I think that the
18  government has.
19      THE COURT:  So you're saying that you need some time
20  to informally consult with the government about whether they
21  would be willing to provide this additional information to you?
22      MR. MAHER:  Yes.
23      THE COURT:  What does the government say?
24      MR. DEFILIPPIS:  Your Honor, the government's position
25  is that at this time we provided more than enough discovery for

    defense counsel to make a motion and that's really the next step in this process. To the extent that the Court finds that a hearing is warranted based on that motion, defense counsel can then address with whomever he wants, including with the government, the procedures for any witnesses he wants to call. But in the government's view defense counsel should file his motion so that both the court and the government have a sense of what it is he's asserting. And, again, if the Court were to decide a hearing is required we think that's the appropriate time to start contemplating the calling of witnesses and the like. Defense counsel currently has plenty of information on which to decide what sort of motions he would like to bring.

    MR. MAHER: I don't believe I do. I think I'm entitled to have more particularized information, particularly since in federal court we do have to have particularized motions and affirmations that set forth the factual basis. If I could just file a generic motion to suppress, I would do that; but that's not the law.

    THE COURT: Well presumably you can consult with your client about whether he spoke with Somali officials, as you have described them. He may not know their names. But if he had a conversation with a Somali official who gave him certain assurances about what the ramifications would be of speaking with United States representatives, you certainly have what you need. I don't see -- in other words, you're welcome to talk

1  with the government about them supplying you with more
2  information about names and so forth, but I don't understand
3  that you wouldn't be in a position to file a motion if you
4  believe you had one, whether you knew the name of the person or
5  not.
6      MR. MAHER:  I guess potentially your Honor is right.
7  But there are also universes where my motion facially could be
8  denied potentially based solely on the affirmation of my
9  client.  There might also be information that because of the
10  circumstances at that time my client may not remember
11  everything and me being able to actually talk to people who
12  were involved may further give a factual predicate that is very
13  helpful to the Court and also helpful for a challenge to the
14  legality of the statement.
15      THE COURT:  Well, as I said, I'm not -- obviously
16  you're welcome to talk to the government about supplying you
17  with additional information, you're totally welcome to do that.
18  But I think the issue before me is whether you have available
19  to you through consultation with your client as well as the
20  other information that's been supplied, whether you have the
21  raw materials necessary to proceed with a motion.  And then if
22  you feel that you need additional information such as the names
23  of people that may have spoken to your client, I suppose that
24  can be litigated.  But I'm reluctant to at this time, given the
25  delays in the case involved with handling the Classified

Information Procedures Act issues and ultimately making the determination on that, I'm reluctant because of the delays that have already taken place in the case to delay it further. And, frankly, I'm not convinced by what you've told me that you don't have what you need in order to decide whether a motion is there or not. And I take your point that there might be witnesses that could shed light on any such motion. And I suppose we can litigate those issues if necessary going forward. But at this point I do believe that you have what you need, at least to file a motion, and it's my intention to set a schedule for that today.

So do you have a preference in terms of a date by which to file a motion or motions?

MR. MAHER: If your Honor wants to set a date then I would ask for the most consideration I could have to work on that, your Honor.

THE COURT: Well today is the 19th of December. We have the holidays coming up.

30 days?

MR. MAHER: Could I ask the Court's indulgence for 45 days?

THE COURT: That would bring us to -- why don't we say January 31.

MR. MAHER: Very well.

THE COURT: And I know the government -- does the

1     government want to see what the motions are before they decide
2     how much time they want?
3                MR. DEFILIPPIS:  Your Honor, we could do it that way
4     or if you wanted to set two weeks or something along those
5     lines.
6                THE COURT:  Why don't we put it down for two weeks and
7     if that proves inadequate you'll make a request for additional
8     time.
9                So two weeks from the 31st would bring us to
10    February 14 for opposition.
11               And Mr. Maher do you want a reply?
12               MR. MAHER:  Yes, please.
13               THE COURT:  Ten days for a reply.
14               MR. MAHER:  Thank you.
15               THE COURT:  That would be 2-24.
16               So moving papers by January 31.  Opposition by
17    February 14.  And then reply by February 24.
18               Does the government wish me to exclude time between
19    now and the 31st?
20               MR. DEFILIPPIS:  We do, your Honor, so that the
21    defense can prepare his motion and the government can respond.
22               THE COURT:  Any objection?
23               MR. MAHER:  No.
24               THE COURT:  I will exclude time between today and
25    January 31, 2017 under the Speedy Trial Act pursuant to Title

1    18 United States Code Section 3161(h)(7)(A) to permit defense
2    counsel time to prepare any pretrial motions.  I do find that
3    the ends of justice served by the granting of this continuance
4    outweigh the best interests of the public and the defendant in
5    a speedy trial.
6             Other issues we should talk about today?
7             MR. DEFILIPPIS:  Not from the government, your Honor I
8    would just note that the government would be ready and willing
9    to set a trial date.  If your Honor would like to, we're ready
10   at any time.
11            THE COURT:  How do you feel about that, Mr. Maher?  Do
12   you want to set a trial?
13            MR. MAHER:  I prefer that we not at this point, Judge.
14            THE COURT:  Let me see what the motions look like and
15   I'll think about a trial date now.
16            Mr. Maher, do you have any obligations I should know
17   about in the first six months of the year just so I have them
18   in mind?  Do you have trials?
19            MR. MAHER:  I do.  My first six months are very tight.
20   I have a trial set now with Judge Abrams on February 27.
21            I have a trial set -- basically I'm supposed to keep
22   all of May and all of June open for Judge Caproni on a RICO
23   trial.
24            And then September 1 I'm trying a terrorism case in
25   the Eastern District.  And along with that I have, in March,

have to go to Saudi Arabia for Rule 15s.  So realistically to try a case such as Mr. Jones's I think would have to come after that September trial which I don't think should be more than a month.

THE COURT:  Well, given what you've told me -- no, I appreciate that.

MR. MAHER:  I'm giving the lay of the land.

THE COURT:  Mr. DeFilippis.

MR. DEFILIPPIS:  Your Honor, we understand defense counsel has a busy schedule.  But the government has a very serious concern about pushing a trial really much longer in this case, certainly not to September.  The defendant's been in custody for a year now.  Pushing it close to another year would we think be completely unwarranted.  We are ready to do a trial as soon as the Court is able.  And so we'd ask for a date as soon as possible after any suppression hearing, as soon as possible after the motions.

MR. MAHER:  Judge, this is one of the reasons why I asked that we not set a date yet.  There is a chance if my schedule does free up, sometimes cases do resolve, I think there is hopefully a chance, a good chance that the case in May will resolve.  And I should know that well before this motion -- these motions are resolved.  I think I should know that probably by the end of January.

MR. DEFILIPPIS:  Perhaps, your Honor, if we set a May

1   trial date and then if Mr. Maher is still unable in a couple
2   months we can revisit but it may be valuable to have something
3   on the calendar.
4           THE COURT:  My concern, Mr. Maher, is if I don't get a
5   date on the calendar with you it will be gone.  You'll pick up
6   some other trial.  That's my concern.
7           MR. MAHER:  My concern is that the trial date -- if a
8   trial date is set here now there will be a very strong impetus
9   then from the government's perspective, one, not to divulge
10  information that, hopefully, that they will give me; but two,
11  there is a good chance I think that we will have to do either
12  Rule 15 depositions or figure out a way for officials from
13  Somalia or abroad to be involved in this trial.  And it's not
14  as simple as me just making phonecalls.  There is a lot of
15  logistical work that goes into that.  And I am reluctant,
16  without a greater basis right now, knowing the time that's
17  going to go into that, for me to say that I could have this
18  case ready in May.
19          Now there's a chance that we could.  All I'm asking is
20  let's not set it yet.
21          THE COURT:  But the problem -- if we don't set it
22  you're in front of some other judge and says, you know, they
23  say can you do a trial in May and you may have to say yes, I
24  can, and then that time is gone.  That's my concern.  This is
25  not the only case you have.  You have other cases.  You're

going to appear in front of other judges. And given what you've told me about your schedule, if I don't set a trial date I risk losing your availability for -- until I don't know when. You've taken us out already until October. So that's my concern.

MR. MAHER: Well I think if your Honor wanted to set that date in the fall we know that that's the last date and then if we're able to move it up we can move it up. I think as far as other cases in May I don't foresee any case with the complexity or the age of this one coming up between now and May. So I don't think that would be an issue that another case would fall into that space.

THE COURT: Are you willing to promise me?

Mr. DeFilippis.

MR. DEFILIPPIS: Your Honor, the government I think would ask for something close to an early May trial date. Mr. Maher said there's a strong chance his May case would plead. The defendant, like any defendant, has his right to speedy trial and we're not comfortable pushing the proposed trial date beyond that. We'd like to do it as soon as possible.

MR. MAHER: Myself and Mr. Jones are very aware of his speedy trial rights. But he also is very cognizant of his right to have a fair trial and to have one in which all of his rights are vindicated. And, again, my concern is that the

1  legwork that would need to be done may not be able to be done
2  that quickly.  That's my concern.
3             THE COURT:  And tell me again -- you have a trial
4  scheduled in May?
5             MR. MAHER:  Yes.
6             THE COURT:  When is that?
7             MR. MAHER:  I believe it starts -- just a second -- I
8  think we're supposed to be ready the first of May.
9             THE COURT:  Is this the one before Judge Caproni?
10            MR. MAHER:  Yes.  That RICO multidefendant.  And he is
11 in the group of -- he does not at this point have
12 capital-eligible charges but I have been informed that it could
13 potentially happen.  So he is in that grouping of defendants.
14            THE COURT:  And that presumably would cause a delay in
15 the trial if they charged him with a death-eligible crime,
16 right?  Because you have to go through all the Washington
17 thing?
18            MR. MAHER:  Judge Caproni has basically told the
19 government that they have until mid January to make that
20 decision.  So they're still within her timeframe right now.
21            THE COURT:  And I think you told us that you thought
22 by January 31 you would have a sense of whether the Judge
23 Caproni case is actually going to happen.
24            MR. MAHER:  I think so.  Yes.  As much as one can
25 predict these things.

1                THE COURT: Well I'll tell you my inclination is to
2     put a trial down for May and then if you tell me that the Judge
3     Caproni trial is going to happen it will have to be adjourned;
4     and I'll tell you now that if it has to be adjourned, given
5     what you've told me about your schedule, it certainly can't be
6     any later than October.
7                I'm going to put it down for a May 8 for trial.  You
8     will tell me by January 31 whether that presents a problem and
9     if it does you will tell me why.  And if it doesn't present a
10    problem, you'll tell me that as well.
11               And I do this because I am cognizant of how long
12    Mr. Jones has been in detention and I tend to agree with the
13    government that we certainly don't want to have him in
14    detention another ten or eleven months unless that is
15    absolutely necessary for purposes of continuity of counsel and
16    preparation of the defense effort.
17               So, I will issue an order scheduling trial for the
18    8th.  Pretrial submissions will be due a month before that.
19               Mr. Maher, you'll let me know by the end of January if
20    that date presents insurmountable difficulties.  And if you
21    tell me it does, I will adjourn the case.  And if you tell me
22    that you are completely incapable of trying the case in June,
23    July, August, or September, then I will put it down for
24    October.  But I will not in any event put it down for later
25    than that.

1     MR. MAHER:  I appreciate that.  Thank you, your Honor.
2     THE COURT:  Other issues that we should talk about?
3     MR. DEFILIPPIS:  Nothing from the government, your
4  Honor.
5     THE COURT:  Mr. Maher?
6     MR. MAHER:  No, your Honor.
7     THE COURT:  All right.
8     (Adjourned)