UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      -against-

MAALIK ALIM JONES,

               Defendant.

**MEMORANDUM
OPINION & ORDER**

16 Cr. 19 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      On September 8, 2017, Defendant Maalik Jones pled guilty to a superseding

information charging him with (1) conspiracy to provide material support and resources to Al

Shabaab, a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B ((S1)

Information (Dkt. No. 71), Count One); (2) conspiracy to receive military training from Al

Shabaab, in violation of 18 U.S.C. § 2339D (id., Count Two); and (3) using and carrying an AK-

47 assault rifle, rocket-propelled grenades, and other weapons in furtherance of the crimes of

violence charged in Counts One and Two, in violation of 18 U.S.C. §§ 924(c)(1)(A) and

(c)(1)(B)(ii).  (Id., Count Three; see also Plea Tr. (Dkt. No. 74) at 3-4, 24)

      On May 29, 2018, this Court sentenced the Defendant to an aggregate sentence of

35 years' imprisonment.  At sentencing, this Court dismissed the charges against Jones in the

underlying indictment, pursuant to the Government's motion.  (Sentencing Tr. (Dkt. No. 88) at

49-50)

      Jones appealed his conviction on Count Three only (see Appellant Br., United

States v. Jones, No. 18-1752 (2d Cir. July 19, 2019) (Dkt. No. 91)), and on February 14, 2020,

the Second Circuit vacated the Defendant's conviction on Count Three of the Superseding

Information, and remanded for resentencing in light of United States v. Davis, 139 S. Ct. 2319

(2019).  (Order, <u>Jones</u>, No. 18-1752 (Dkt. No. 111))  The court denied the Government's motion to dismiss the appeal as to Counts One and Two, or for summary affirmance of the convictions on these counts, because Jones had "not appealed his convictions on those counts."  (<u>Id.</u> at 1)

    In a June 30, 2020 letter, the Government asserts that this Court should – in light of Jones' successful appeal as to Count Three – "reinstate the charges contained in the original Indictment[,]" and dismiss the charges in the Superseding Information that Jones pled guilty to. (June 30, 2020 Govt. Ltr. (Dkt. No. 113) at 3, 6)

    For the reasons stated below, the Government's motion to reinstate the Indictment will be denied.

## BACKGROUND

### I. THE INDICTMENT

    The January 11, 2016 Indictment charges Jones with (1) conspiracy to provide material support and resources to Al Shabaab, a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B (Indictment (Dkt. No. 8), Count One); (2) providing material support and resources to Al Shabaab, in violation of 18 U.S.C. § 2339B (<u>id.</u>, Count Two); (3) conspiracy to receive military training from Al Shabaab, in violation of 18 U.S.C. § 2339D (<u>id.</u>, Count Three); (4) receiving military training from Al Shabaab, in violation of 18 U.S.C. § 2339D (<u>id.</u>, Count Four); and (5) using and carrying an AK-47 assault rifle, rocket-propelled grenades, and other weapons in furtherance of the crimes of violence charged in Counts One through Four, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(A)(ii), (c)(1)(A)(iii), (c)(1)(B)(i), and (c)(1)(B)(ii).  (<u>Id.</u>, Count Five)

II.     **THE PLEA AGREEMENT AND GUILTY PLEA**

On September 8, 2017, Jones pled guilty to a superseding information charging

him with (1) conspiracy to provide material support and resources to Al Shabaab, a designated

foreign terrorist organization, in violation of 18 U.S.C. § 2339B ((S1) Information (Dkt. No. 71),

Count One); (2) conspiracy to receive military training from Al Shabaab, in violation of 18

U.S.C. § 2339D (id., Count Two); and (3) using and carrying an AK-47 assault rifle, rocket-

propelled grenades, and other weapons in furtherance of the crimes of violence charged in

Counts One and Two, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(ii).  (Id., Count

Three; see also Plea Tr. (Dkt. No. 74) at 3-4, 24)

The September 7, 2017 plea agreement provides that

> should the convictions following the defendant's pleas of guilty pursuant to this
> Agreement be vacated for any reason, then any prosecution that is not time-barred
> by the applicable statute of limitations on the date of the signing of this agreement
> (including any counts that the Government has agreed to dismiss at sentencing
> pursuant to this Agreement) may be commenced or reinstated against the
> defendant, notwithstanding the expiration of the statute of limitations between the
> signing of this Agreement and the commencement or reinstatement of such
> prosecution.  It is the intent of this Agreement to waive all defenses based on the
> statute of limitations with respect to any prosecution that is not time-barred on the
> date that this Agreement is signed.

(Sept. 7, 2017 Plea Agreement at 7)

III.    **SENTENCING**

On May 29, 2018, this Court sentenced the Defendant to an aggregate sentence of

35 years' imprisonment.  The components of Defendant's sentence are as follows:  three years'

imprisonment on Count One; two years' imprisonment on Count Two; and 30 years'

imprisonment on Count Three, with all terms to run consecutively.  (Judgment (Dkt. No. 87) at

3)  At sentencing, the Government moved to dismiss the charges against Jones set forth in the

3

underlying indictment, and this Court granted the Government's motion.  (Sentencing Tr. (Dkt. No. 88) at 49-50)

## IV.    THE APPEAL

On June 12, 2018, Jones filed a notice of appeal.  (Dkt. No. 90)  Jones appealed his conviction on Count Three only.  (Appellant Br., Jones, No. 18-1752 (Dkt. No. 91))  On October 18, 2019, the Government filed a brief in which it asked the Second Circuit to "vacate the conviction on Count Three, affirm the convictions on Counts One and Two, and remand to the District Court for further proceedings."  (Govt. Br. at 12, Jones, No. 18-1752 (Dkt. No. 101))

On February 14, 2020, the Second Circuit vacated the Defendant's conviction on Count Three of the Superseding Information, and remanded for resentencing in light of United States v. Davis, 139 S. Ct. 2319 (2019).  (Order, Jones, No. 18-1752 (Dkt. No. 111))  The court denied the Government's motion to dismiss the appeal as to Counts One and Two, or for summary affirmance of the convictions on these counts, because Jones had "not appealed his convictions on those counts."  (Id. at 1)

The Second Circuit's mandate reads as follows:

> The government moves to vacate Appellant's Count Three conviction and to remand for further proceedings, and, with respects to Counts One and Two, to dismiss his appeal or summarily affirm his convictions.  Upon due consideration, it is hereby ORDERED that the motion is GRANTED with regard to Count Three, which is VACATED, and the case is REMANDED for resentencing on Counts One and Two.

(Mandate (Dkt. No. 104) at 1) (emphasis in original).

The Government now moves this Court to "reinstate the charges contained in the original Indictment," and dismiss the charges in the Superseding Information to which Jones pled guilty.  (June 30, 2020 Govt. Ltr. (Dkt. No. 113) at 3, 6)  In the alternative, the Government states that it will seek a Superseding Indictment.  (Id. at 6 n.4)

4

## DISCUSSION

Because this case is before this Court on remand from the Second Circuit, this

Court is constrained by the Second Circuit's mandate:

> The mandate rule compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.  Likewise, where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so.  To determine whether an issue remains open for reconsideration on remand, the trial court should look to both the specific dictates of the remand order as well as the broader spirit of the mandate.

United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) (internal quotation marks, citations, and

emphasis omitted).

Here, the mandate is – on its face – limited to a resentencing on Counts One and

Two of the Superseding Information.  While the mandate references the Government's request to

"remand for further proceedings," the court remands for resentencing on Counts One and Two.

(Mandate (Dkt. No. 104) at 1)

The Government argues that "[t]he instant motion for reinstatement of the charges

necessarily cannot have been addressed by the Court of Appeals' mandate, as the motion plainly

had not been made (and could not have been made) before the mandate vacating one of the

defendants' convictions issued."  (July 22, 2020 Govt. Ltr. (Dkt. No. 120) at 1)  The Government

cites in support United States v. Minicone, 994 F.2d 86 (2d Cir. 1993), in which the court held

that, notwithstanding the mandate rule, "if an issue was not part of the appellate decision, a trial

court may consider the matter."  Id. at 93.

Here, however, the Second Circuit "impliedly decided" the issue of whether to

remand for purposes of a possible reinstatement of the Indictment, Ben Zvi, 242 F.3d at 95

(emphasis omitted), because the Government explicitly requested in its appellate brief that the

Second Circuit "remand the case to [this Court] for further proceedings, which may include resentencing on the remaining counts . . . or reinstatement of charges dismissed pursuant to the Plea Agreement. . . ." (Govt. Br. at 11, <u>Jones</u>, No. 18-1752 (Dkt. No. 101))  In other words, the Government explicitly sought from the Second Circuit the same relief that it now seeks from this Court, and the Second Circuit chose to issue a much more limited remand.  And while the Government now contends that the issue of reinstatement was not ripe (July 22, 2020 Govt. Ltr. (Dkt. No. 120) at 1), it asked the Second Circuit to remand for purposes of possible "reinstatement of charges dismissed pursuant to the Plea Agreement," and the Second Circuit instead chose to remand for purposes of a resentencing on Counts One and Two.  (Mandate (Dkt. No. 104) at 1)

The Government has not cited any case in which a Court of Appeals – under similar circumstances – has remanded for a resentencing, and the district court has not proceeded with a resentencing, but instead dismissed the charges of conviction and reinstated a previously dismissed underlying indictment.

The Government relies on <u>Rudisill v. United States</u>, No. 98 Cr. 212, 2009 WL 2366028 (W.D.N.C. July 29, 2009).  (<u>See</u> July 22, 2020 Govt. Ltr. (Dkt. No. 120) at 1-2)  But that case merely notes – in connection with the defendant's motion under 28 U.S.C. § 2255 – that the court had previously "permitted the Government to pursue a superseding indictment as to . . . three counts previously dismissed."  <u>Id.</u> at *1.  <u>Rudisill</u> does not involve the reinstatement of an indictment.

<u>United States v. Quintieri</u>, 306 F.3d 1217, 1227-28 (2d Cir. 2002) – cited by the Government (July 22, 2020 Govt. Ltr. (Dkt. No. 120) at 1) – likewise does not address

reinstatement of an indictment.  Quintieri stands for the proposition that where counts are vacated on appeal, a de novo resentencing will typically be necessary:

> A district court's sentence is based on the constellation of offenses for which the defendant was convicted and their relationship to a mosaic of facts, including the circumstances of the crimes, their relationship to one another, and other relevant behavior of the defendant.  When the conviction on one or more charges is overturned on appeal and the case is remanded for resentencing, the constellation of offenses of conviction has been changed and the factual mosaic related to those offenses that the district court must consult to determine the appropriate sentence is likely altered.  For the district court to sentence the defendant accurately and appropriately, it must confront the offenses of conviction and facts anew.  The offenses and facts as they were related at the first sentence may, by then, have little remaining significance.  The "spirit of the mandate" in such circumstances is therefore likely to require de novo resentencing.

Quintieri, 306 F.3d at 1227-28.

Finally, in United States v. Ciprian, the court granted the Government's motion – on consent – to reinstate the original indictment, following vacatur of a Section 924(c) count under Davis.  See Plea Tr. at 5, United States v. Ciprian, No. 11-cr-1032-PAE (S.D.N.Y. Jan. 30, 2020) (Dkt. No. 2487).  In Ciprian, however, reinstatement was granted after the district court had vacated the defendant's Section 924(c) conviction pursuant to the defendant's Section 2255 petition.  Id.  The case was never before the Second Circuit and no appellate mandate had been issued.[1]

Accordingly, the Government's motion to reinstate the underlying indictment will be denied.

The Government states that, if its "motion to reinstate the original charges is denied," "th[is] Court still has to determine the scope of the parties' rights and obligations under

---

[1]  The Government's other arguments – that double jeopardy and the statute of limitations do not preclude reinstatement of the indictment (June 30, 2020 Govt. Ltr. (Dkt. No. 113) at 4-5), and that the frustration of purpose doctrine discharges the Government's obligations under the parties' plea agreement (July 22, 2020 Govt. Ltr. (Dkt. No. 120) at 2) – do not address the constraints imposed by the mandate rule.

the original plea agreement," because "the Government will simply seek a new indictment bringing the same charges." (July 22, 2020 Govt. Ltr. (Dkt. No. 120) at 2) Whether the plea agreement permits a superseding indictment here is an issue separate and apart from whether the mandate permits reinstatement of the original indictment. In any event, it is not clear that Defendant will contend that the plea agreement bars a superseding indictment.

"In general, plea agreements are subject to ordinary contract law principles, except that any ambiguity is resolved 'strictly against the Government.'" United States v. Cimino, 381 F.3d 124, 127 (2d Cir. 2004) (quoting United States v. Ready, 82 F.3d 551, 559 (2d Cir. 1996)). Here, the plea agreement provides that "should the convictions following the defendant's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred . . . including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement[] may be commenced or reinstated against the defendant[.]" (Sept. 7, 2017 Plea Agreement at 7) This language contemplates that, upon vacatur of a count of conviction, the Government may seek reinstatement of charges dismissed at sentencing or bring new charges.

In opposing the Government's motion to reinstate the underlying indictment, Defendant asserts that he "never repudiated the plea bargain because it was the government that successfully vacated the Count Three conviction by its October 2019 motion." (July 16, 2020 Def. Ltr. (Dkt. No. 118) at 6) It matters not how and why the conviction on Count Three was vacated, however. The plea agreement refers to a conviction being vacated "for any reason." Accordingly – given that the Defendant's conviction on Count Three was vacated – the plea agreement does not prohibit the Government from seeking to pursue in a superseding indictment the charges in the original indictment that were dismissed at sentencing. And given the explicit

8

waiver in the plea agreement, charges that would have been timely when the plea agreement was executed are not now time-barred.  (See Sept. 7, 2017 Plea Agreement at 7 ("[A]ny prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced . . . notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution."))

Accordingly, the parties' plea agreement does not preclude the Government from seeking a superseding indictment.

## CONCLUSION

For the reasons stated above, the Government's motion to reinstate the Indictment is denied.

Dated: New York, New York
     May 23, 2021

SO ORDERED.

Paul G. Gardephe
United States District Judge

9