UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

MAALIK ALIM JONES,

　　　　　　　　　　Defendant.

**ORDER**

16 Cr. 19 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

　　The Superseding Indictment ("(S2) Indictment") charges Defendant Maalik Jones with (1) conspiracy to provide material support and resources to Al Shabaab, a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B ((S2) Indictment (Dkt. No. 148), Count One); (2) providing material support and resources to Al Shabaab, in violation of 18 U.S.C. § 2339B (id., Count Two); (3) conspiracy to receive military training from Al Shabaab, in violation of 18 U.S.C. § 2339D (id., Count Three); and (4) receiving military training from Al Shabaab, in violation of 18 U.S.C. § 2339D. (Id., Count Four)

　　Jones has moved to dismiss, arguing that (1) Counts One and Three violate the Double Jeopardy Clause of the Fifth Amendment; and (2) the (S2) Indictment violates the Mandate Rule and "penalizes [him] unjustifiably and disproportionately." (Def. Mot. (Dkt. No. 169) at 1; Def. Br. (Dkt. No. 171) at 10)

　　For the reasons stated below, Jones's motion to dismiss will be granted as to Counts One and Three of the (S2) Indictment, but denied as to Counts Two and Four of the (S2) Indictment.

## BACKGROUND

**I.  THE INDICTMENT**

The January 11, 2016 Indictment charges Jones with: (1) conspiracy to provide material support and resources to Al Shabaab, in violation of 18 U.S.C. § 2339B (Indictment (Dkt. No. 8), Count One); (2) providing material support and resources to Al Shabaab, in violation of 18 U.S.C. § 2339B (id., Count Two); (3) conspiracy to receive military training from Al Shabaab, in violation of 18 U.S.C. § 2339D (id., Count Three); (4) receiving military training from Al Shabaab, in violation of 18 U.S.C. § 2339D (id., Count Four); and (5) using and carrying an AK-47 assault rifle, rocket-propelled grenades, and other weapons in furtherance of the crimes of violence charged in Counts One through Four, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(A)(ii), (c)(1)(A)(iii), (c)(1)(B)(i), and (c)(1)(B)(ii). (Id., Count Five)

**II.  THE PLEA AGREEMENT AND GUILTY PLEA**

On September 8, 2017, Jones pled guilty to a superseding information ("(S1) Information") charging him with (1) conspiracy to provide material support and resources to Al Shabaab, in violation of 18 U.S.C. § 2339B ((S1) Information (Dkt. No. 71), Count One); (2) conspiracy to receive military training from Al Shabaab, in violation of 18 U.S.C. § 2339D (id., Count Two); and (3) using and carrying an AK-47 assault rifle, rocket-propelled grenades, and other weapons in furtherance of the crimes of violence charged in Counts One and Two, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(ii). (Id., Count Three; see also Plea Tr. (Dkt. No. 74) at 3-4, 24-25)

In the September 7, 2017 plea agreement, the Government agreed – in exchange for the Defendant's plea to the (S1) Information – to "move to dismiss any open Counts against the defendant" "at the time of sentencing." (Govt. Br., Ex. A, Plea Agreement (Dkt. No. 174-1)

2

at 2) The plea agreement provides as follows with respect to any count of conviction that is vacated:

> It is further agreed that should the convictions following the defendant's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

(Id. at 7)

### III.   SENTENCING

On May 29, 2018, this Court sentenced the Defendant to an aggregate sentence of 35 years' imprisonment composed of the following: three years' imprisonment on Count One; two years' imprisonment on Count Two; and 30 years' imprisonment on Count Three, with all terms to run consecutively. (Sentencing Tr. (Dkt. No. 88) at 49; Judgment (Dkt. No. 87) at 3) At sentencing, this Court granted the Government's motion to dismiss the charges against Jones set forth in the underlying indictment. (Sentencing Tr. (Dkt. No. 88) at 49-50)

### IV.   JONES'S APPEAL

On June 12, 2018, Jones filed a notice of appeal. (Dkt. No. 90) Jones appealed his conviction on Count Three only. (Appellant Br., Jones, No. 18-1752 (2d Cir.) (Dkt. No. 91)) On October 18, 2019, the Government filed a brief in which it asked the Second Circuit to "vacate the conviction on Count Three [of the (S1) Information], affirm the convictions on Counts One and Two, and remand to the District Court for further proceedings." (Govt. Br. at 12, Jones, No. 18-1752 (2d Cir.) (Dkt. No. 101))

On February 14, 2020, the Second Circuit vacated the Defendant's conviction on Count Three of the (S1) Information, and remanded for resentencing in light of United States v. Davis, 139 S. Ct. 2319 (2019). (Order, Jones, No. 18-1752 (2d Cir.) (Dkt. No. 111)) The court denied the Government's motion to dismiss the appeal as to Counts One and Two, or for summary affirmance of the convictions on those counts, because Jones had "not appealed his convictions on those counts." (Id. at 1)

The Second Circuit's mandate reads as follows:

> The Government moves to vacate Appellant's Count Three conviction and to remand for further proceedings, and, with respects to Counts One and Two, to dismiss his appeal or summarily to affirm his convictions. Upon due consideration, it is hereby ORDERED that the motion is GRANTED with regard to Count Three, which is VACATED, and the case is REMANDED for resentencing on Counts One and Two.

(Mandate (Dkt. No. 104) at 1 (emphasis in original))

## V. THE GOVERNMENT'S MOTION TO REINSTATE THE INDICTMENT

On June 30, 2020, the Government moved this Court to "reinstate the charges contained in the original Indictment," and dismiss the charges in the (S1) Information to which Jones pled guilty. (June 30, 2020 Govt. Ltr. (Dkt. No. 113) at 3, 6) In the alternative, the Government stated that it would seek a superseding indictment. (Id. at 6 n.4)

In a May 23, 2021 opinion, this Court denied the Government's motion to reinstate the Indictment. (Dkt. No. 138) As to any superseding indictment, this Court acknowledged that

> [t]he plea agreement refers to a conviction being vacated "for any reason." Accordingly – given that the Defendant's conviction on Count Three was vacated – the plea agreement does not prohibit the Government from seeking to pursue in a superseding indictment the charges in the original indictment that were dismissed at sentencing. And given the explicit waiver in the plea agreement, charges that would have been timely when the plea agreement was executed are not now time-barred. (See Sept. 7, 2017 Plea Agreement at 7 ("[A]ny prosecution that is not time-barred by the applicable statute of limitations on the date of the

4

signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced . . . notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.")) Accordingly, the parties' plea agreement does not preclude the Government from seeking a superseding indictment.

(May 23, 2021 Opinion (Dkt. No. 138) at 8-9)

## VI.  THE SUPERSEDING INDICTMENT

In a May 25, 2021 order, this Court directed the Government to submit a letter addressing how it intended to proceed in light of the May 23, 2021 opinion. (Dkt. No. 139) On June 8, 2021, the Government stated "that it intend[ed] to seek a superseding indictment of the defendant if a pretrial resolution of this matter [is not] reached in the near term." (June 8, 2021 Govt. Ltr. (Dkt. No. 140) at 1) On July 23, 2021, the Government reported that the parties were "unable to reach a pretrial resolution," and that it would "seek a superseding indictment." (July 23, 2021 Govt. Ltr. (Dkt. No. 146) at 1)

On August 24, 2021, the Government filed the (S2) Indictment, which charges Jones with (1) conspiracy to provide material support and resources to Al Shabaab, in violation of 18 U.S.C. § 2339B ((S2) Indictment (Dkt. No. 148), Count One); (2) providing material support and resources to Al Shabaab, in violation of 18 U.S.C. § 2339B (id., Count Two); (3) conspiracy to receive military training from Al Shabaab, in violation of 18 U.S.C. § 2339D (id., Count Three); and (4) receiving military training from Al Shabaab, in violation of 18 U.S.C. § 2339D. (Id., Count Four)

In a September 9, 2021 order, this Court directed the parties to submit letters "addressing the effect of the Superseding Indictment (Dkt. No. 148) on the Defendant's convictions on Counts One and Two of the Superseding Information (Dkt. No. 71)." (Dkt. No. 152) In a September 14, 2021 letter, Jones states that he "cannot be convicted twice of the same

5

offenses, which would constitute double jeopardy," and he requests leave "to file a motion to dismiss the S2 Indictment." (Sept. 14, 2021 Def. Ltr. (Dkt. No. 154) at 1-2) On September 23, 2021, this Court set a briefing schedule for Jones's proposed motion. (Dkt. No. 156) On December 13, 2021, Jones filed the instant motion to dismiss. (Dkt. No. 169)

## DISCUSSION

Jones contends that the (S2) Indictment must be dismissed in its entirety, because (1) it "circumvent[s] the Second Circuit's Mandate" addressing Jones's appeal; and (2) "expose[s] [him] to additional imprisonment as a result of a change in law he neither initiated nor anticipated at the time of his guilty plea." (Def. Br. (Dkt. No. 171) at 10) In the alternative, Jones argues that the Double Jeopardy Clause of the Fifth Amendment requires that Counts One and Three of the (S2) Indictment be dismissed. (Id. at 8)

I. **WHETHER THE (S2) INDICTMENT VIOLATES THE MANDATE RULE AND THE PLEA AGREEMENT**

Jones contends that the (S2) Indictment must be dismissed in its entirety, because it circumvents the Second Circuit's March 6, 2020 mandate (Dkt. No. 104), and thus violates the Mandate Rule. (Def. Br. (Dkt. No. 171) at 10-12) According to Jones, "the spirit of the mandate precludes the additional charges instituted as part of the Superseding Indictment." (Def. Reply Br. (Dkt. No. 175) at 4) Jones further argues that the parties' plea agreement does not permit the Government to file a superseding indictment resurrecting previously dismissed counts. (Id. at 5)

The Government counters that nothing in the mandate "restrict[s] or address[es] the Government's ability to seek criminal charges," and that its "ability to bring criminal charges through the grand jury . . . is not something that the District Court or the Court of Appeals must pre-approve or carry out." (Govt. Br. (Dkt. No. 174) at 11-12) As to Jones's arguments concerning the plea agreement, the Government responds that "the parties' plea agreement

expressly contemplate[s] and permit[s] the filing of the Superseding Indictment in these circumstances." (Id. at 12)

### A. Legal Standard

Where, as here, a case is on remand from the Second Circuit, this Court is constrained by the Second Circuit's mandate:

> The mandate rule compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court. Likewise, where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so. To determine whether an issue remains open for reconsideration on remand, the trial court should look to both the specific dictates of the remand order as well as the broader spirit of the mandate.

United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) (internal quotation marks, citations, and emphasis omitted).

As to interpretation of plea agreements, "[i]n general, plea agreements are subject to ordinary contract law principles, except that any ambiguity is resolved 'strictly against the Government.'" United States v. Cimino, 381 F.3d 124, 127 (2d Cir. 2004) (quoting United States v. Ready, 82 F.3d 551, 559 (2d Cir. 1996)). "To determine whether a plea agreement has been breached, a court must look to what the parties reasonably understood to be the terms of the agreement." United States v. Miller, 993 F.2d 16, 20 (2d Cir. 1993).

### B. Analysis

In the May 23, 2021 Opinion, this Court found that

> the Second Circuit "impliedly decided" the issue of whether to remand for purposes of a possible reinstatement of the Indictment, Ben Zvi, 242 F.3d at 95 (emphasis omitted), because the Government explicitly requested in its appellate brief that the Second Circuit "remand the case to [this Court] for further proceedings, which may include resentencing on the remaining counts . . . or reinstatement of charges dismissed pursuant to the Plea Agreement". . . . and the Second Circuit chose to issue a much more limited remand.

7

(May 23, 2021 Opinion (Dkt. No. 138) at 6 (quoting Govt. Br. at 11, Jones, No. 18-1752 (2d Cir.) (Dkt. No. 101)))

The Government's appellate brief does not address the filing of a superseding indictment, however. Accordingly, the propriety of that action was not before the Second Circuit, and the mandate cannot be said to have "expressly or impliedly decided" whether the Government can seek a superseding indictment. That action, instead, "remains open for consideration on remand." Ben Zvi, 242 F.3d at 95. Jones has cited no case suggesting that the mandate rule bars the Government from seeking a superseding indictment under the circumstances here.

As to the plea agreement, it provides that

> should the convictions following the defendant's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant.

(Govt. Br., Ex. A (Dkt. No. 174-1) at 7) In finding that this language "d[id] not preclude the Government from seeking a superseding indictment," this Court stated: "The plea agreement refers to a conviction being vacated 'for any reason.' Accordingly – given that the Defendant's conviction on Count Three was vacated – the plea agreement does not prohibit the Government from seeking to pursue in a superseding indictment the charges in the original indictment that were dismissed at sentencing." (May 23, 2021 Opinion (Dkt. No. 138) at 8-9)

Jones now argues that the phrase "any reason" "should not [] be read categorically" and its "ambiguity" should be resolved in his favor. (Def. Br. (Dkt. No. 171) at 12; Def. Reply Br. (Dkt. No. 175) at 4-5) This Court concludes that there is no ambiguity in the phrase "any reason," and that the phrase should be applied as it is written. To the extent that

8

Jones argues that it is theoretically possible that the Government could "contrive[d] to vacate one of the counts of conviction" (Def. Br. (Dkt. No. 171) at 12), there was no such contrivance here. Instead, the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), compelled vacatur of Jones's Section 924(c) conviction.

Given that in the plea agreement the parties explicitly agree that – in the event a count of conviction is vacated – the Government is free to pursue charges that it moved to dismiss at sentencing in exchange for the defendant's guilty plea, the plea agreement does not bar the (S2) Indictment.[1]

## II. WHETHER THE DOUBLE JEOPARDY CLAUSE REQUIRES DISMISSAL OF COUNTS ONE AND THREE

The parties agree that "Counts One and Three of the Superseding Indictment constitute 'the same offense[s]' as the two corresponding offenses in the plea agreement and Superseding Information to which [Jones] pled guilty." (Govt. Br. (Dkt. No. 174) at 8 (quoting U.S. Const. amend. V); see Def. Br. (Dkt. No. 171) at 8)  As discussed above, it is likewise undisputed that Jones did not appeal his convictions on those offenses – Counts One and Two in

---

[1] United States v. Gaither, 926 F. Supp. 50 (M.D. Pa. 1996) – cited by Defendant (Def. Br. (Dkt. No. 171) at 13-14) – has no application here.  In Gaither, the court considered a motion to reinstate a dismissed count, after the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), resulted in the vacatur of the defendant's Section 924(c) conviction.  Gaither, 926 F. Supp. at 50-51.  The statute of limitations had run on the dismissed count, however, and the plea agreement contained no tolling provision.  Id. at 51-52.  Here, by contrast, the plea agreement includes a tolling provision permitting the Government to recommence dismissed counts.  (Govt. Br., Ex. A (Dkt. No. 174-1) at 7 ("[A]ny prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing . . . ) may be commenced or reinstated against the defendant."))  Accordingly, Gaither has no application here.

the (S1) Information – that they were not disturbed by the Second Circuit, and that those convictions remain in place.

Jones argues that – given these circumstances – Counts One and Three of the (S2) Indictment must be dismissed as violative of the Double Jeopardy Clause. (Def. Br. (Dkt. No. 171) at 8-9; Def. Reply Br. (Dkt. No. 175) at 3-4)

The Government concedes that – were this case to proceed to trial – a prosecution premised on Counts One and Three of the (S2) Indictment would violate the Double Jeopardy Clause. (Govt. Br. (Dkt. No. 174) at 9) And the Government represents that, so long as Jones's "existing convictions on those counts remain in place," it will not to proceed to trial on those counts. (Id.) According to the Government, "Jones'[s] [Double Jeopardy Clause] claim is therefore moot." (Id.)

### A. Applicable Law

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "[A]s a general rule, the Double Jeopardy Clause 'protects against a second prosecution for the same offense after conviction.'" Currier v. Virginia, 138 S. Ct. 2144, 2150 (2018) (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)). In general, "jeopardy attaches in a criminal case at the time the district court accepts the defendant's guilty plea," United States v. Aliotta, 199 F.3d 78, 83 (2d Cir. 1999), or "when a jury is empaneled and sworn." United States v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977). "Double jeopardy clearly 'prohibits a second prosecution for the same offense following a guilty plea.'" United States v. Olmeda, 461 F.3d 271, 279 (2d Cir. 2006) (quoting Morris v. Reynolds, 264 F.3d 38, 49 (2d Cir. 2001)); see also Morris, 264 F.3d at 49 ("[T]he double jeopardy bar prohibits not only multiple punishments for the same offense, but

also a second prosecution following conviction, regardless of whether sentencing has taken place."); United States v. Cambindo Valencia, 609 F.2d 603, 637 (2d Cir. 1979) ("[I]t is axiomatic of the double jeopardy clause that jeopardy attache[s] once [a defendant's] guilty plea [is] accepted.").

### B. Analysis

Jeopardy attached for purposes of Counts One and Two of the (S1) Information at the time that this Court accepted Jones's guilty plea. Aliotta, 199 F.3d at 83; Cambindo Valencia, 609 F.2d at 637. As discussed above, Jones did not appeal or otherwise challenge his convictions on Counts One and Two of the (S1) Information. And although the Second Circuit remanded for resentencing on Counts One and Two, the Second Circuit did not otherwise disturb Jones's convictions on those counts, which remain in place. (Mandate (Dkt. No. 104) at 1; Judgment (Dkt. No. 87) at 1) Given that Counts One and Three of the (S2) Indictment are identical to Counts One and Two of the (S1) Information, a prosecution premised on Counts One and Three of the (S2) Indictment constitutes a "successive prosecution" that is barred by the Double Jeopardy Clause. United States v. Dixon, 509 U.S. 688, 696 (1993) ("[D]ouble jeopardy bars additional punishment and successive prosecution.").

Accordingly, Jones's motion to dismiss Counts One and Three of the (S2) Indictment will be granted.

## **CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss is granted as to Counts One and Three of the (S2) Indictment (Dkt. No. 169), but denied as to Counts Two and Four of the (S2) Indictment.

Dated: New York, New York
February 8, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge