

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 2, 2022

<u>By ECF and Electronic Mail</u>
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: *United States v. Maalik Alim Jones*, S3 16 Cr. 19 (PGG)

Dear Judge Gardephe:

  The Government respectfully submits this letter in response to the Court's order directing the Government to submit additional records regarding the call referenced in Paragraph 33 of the Presentence Investigation Report ("PSR") that was made to Thomas Evans's mother following Evans's death during the June 14, 2015 attack by al Shabaab Jaysh Ayman forces on Kenyan troops near Lamu, Kenya (the "Lamu Attack"). (Dkt. 204).

  At the outset, the Government continues to submit that—as the Court found at the prior sentencing proceeding—it is not necessary for the Court to resolve any disputed issues of fact regarding that call. The Government is not relying on, and is not asking the Court to rely on, that call in connection with the defendant's resentencing. Instead, the Court should again sentence the defendant based on his years-long course of conduct in which he abandoned his family in the United States, joined one of the world's deadliest terrorist organizations that has pledged allegiance to al Qaeda, trained in the use of a variety of weaponry, and actively fought with Jaysh Ayman, one of al Shabaab's most specialized units. *See* PSR ¶¶ 11-31. At the defendant's previous sentencing, the Court correctly concluded that it need "not rely for purposes of sentencing [on the assertion] that Mr. Jones called the mother of Thomas Evans," Sent'g Tr. at 10, in order to determine that a just sentence for the defendant was 35 years' incarceration. The Court equally need not rely now on that phone call to determine that the Guidelines sentence of 25 years' incarceration is warranted.

  As the Court found at the prior sentencing, it is not necessary to consider the call in order to determine that the defendant had knowledge of the Lamu Attack and associated with at least some of the Jaysh Ayman fighters responsible for it. *See* Sent'g Tr. at 10 (Court stating: "Setting [the phone call] aside, I will consider, for purposes of sentencing, that Mr. Jones knew about the attack on Kenyan forces in Lamu."). As the Court is aware, evidence separate from the call firmly supports that conclusion. Specifically, the defendant was filmed in a number of videos recovered from a memory card found on the body of one of the Jaysh Ayman fighters killed in the Lamu Attack. The defendant can be seen carrying an AK-47-type rifle and in the company of a number of the al Shabaab fighters killed in the Lamu Attack, including Evans. *See* PSR ¶¶ 23-26. In the video referred to as "Reunion," Jones and Evans can be seen embracing one another.

The Honorable Paul G. Gardephe, U.S.D.J.
November 2, 2022
Page 2

      With respect to the call to Evans's mother itself, in response to the Court's Order, the Government has attached as Exhibit A excerpts from call detail records of a phone used by Phyllis Jones, the defendant's mother,[1] and as Exhibit B the FBI report of an interview with Sally Evans, the mother of Thomas Evans. As set forth in Exhibit B, Thomas Evans had previously talked to his mother about his relationship with an American friend he met while fighting for al Shabaab. Evans described his American friend, whom he referred to by the name "Khalid," as having lost a finger while fighting in battle with al Shabaab, just as Jones had. *See* PSR ¶ 73. According to Evans's mother, he "told her that if anything were to happen to him, KHALID would call SALLY to notify her." Exh. B at 3. Following Evans's death in the Lamu Attack, Evans's mother described that she did in fact receive one call from Somalia placed by a male speaker, that she told the speaker she could not understand him, and that the call then ended. *Id.* at 4.[2]

      As reflected in Exhibit A, Jones did in fact use a Somali number (denoted by the country code 252) to call his own family in the United States.[3] In 2015, Jones placed calls to his mother on at least five days: March 8, June 14, June 15, August 6, and September 24. *See* Exh. A. Of particular relevance, after not having spoken with his mother for more than three months, Jones placed three calls to her in the evening of June 14, 2015, the day of the Lamu Attack in which Evans was killed, and one in the early morning of June 15, 2015, the day after the Lamu Attack. *See* Exh. A at 304-06.[4] During the investigation, the Government was not able to obtain call detail records from the United Kingdom for Evans's mother's phone in order to confirm the number that called her from Somalia after Evans's death, and to compare that number with the Somali number used by Jones to call his own family. The Government notes that, during colloquy at the previous sentencing proceeding, the Government mistakenly stated that call detail records for Evans's mother providing such confirmation were available, *see* Sent'g Tr. at 7, and the Government apologizes for that error and any confusion it might have caused—notwithstanding the Court's appropriate determination that, regardless, it would not rely on attribution of that call to Jones in determining the proper sentence. The Government submits that the above-summarized facts that Evans told his mother to expect a call from his American friend in al Shabaab (the description of

---

[1] The actual subscriber of the phone number is Mujaihid Jones, the defendant's brother. Phyllis Jones has identified this as her phone number. The Government respectfully requests that the unredacted excerpts attached as Exhibit A, which reflect a variety of Jones's mother's phone calls unrelated to her communications with the defendant, be maintained under seal. The Government is publicly filing, along with this letter, a redacted copy of Exhibit A reflecting only the communications with the defendant's phone number.

[2] During the interview, Evans's mother identified five Somali phone numbers, three used by Evans and two used by Evans's wife, *see* Exh. B at 4-5, none of which are the number used by Jones reflected in Exhibit A.

[3] Other phone records show that the same number also placed calls to other members of the defendant's family, notably his sisters Baiyina and Najma Jones. The Government is only including the phone records reflected in Exhibit A because they cover the time period of the Lamu Attack, and thus are most responsive to the Court's Order. Jones's mother has acknowledged that the Somali phone number reflected in Exhibit A was used by Jones to contact her.

[4] The time on the call detail records is reflected in Universal Coordinated Time ("UTC"). Local time in Somalia is three hours ahead of UTC.

The Honorable Paul G. Gardephe, U.S.D.J.
November 2, 2022
Page 3

whom matches Jones) if anything happened to Evans, that Evans's mother did receive such a call from Somalia after Evans's death, that Jones had a demonstrated relationship with Evans, and that phone records show that Jones placed multiple calls to his own mother on the day and day after Evans's death, all support the inference described in Paragraph 33 of the PSR that Jones was the individual who called Evans's mother.

In any event, the Government submits that the Court can and should "determine that a ruling [on this issue] is unnecessary . . . because the matter will not affect sentencing." Fed. R. Crim. P. 32(i)(3)(B). The Court did not need to and did not rely on the call at the last sentencing, and need not do so here, in light of the ample and undisputed evidence of Jones's allegiance to, receipt of training from, and active fighting on behalf of al Shabaab, over a course of years. For all the same reasons that the Court determined that a 35-year sentence was necessary at Jones's first sentencing, and as discussed at length in the Government's October 28, 2022 sentencing submission, a Guidelines sentence of 25 years' imprisonment is the only appropriate conclusion in this case.

                                  Respectfully submitted,

                                  DAMIAN WILLIAMS
                                  United States Attorney
                                  Southern District of New York

By: _____/s/_____
     David W. Denton, Jr.
     Assistant United States Attorney
     (212) 637-2744

Cc: Peter Brill and Joshua Dratel, Esqs. (by ECF and email)

Attachments